ARKANSAS STATE HIGHWAY COMMISSION
*v.* ROOSEVELT MORGAN ESTATE, ET AL

5-4323                                        420 S. W. 2d 525

Opinion delivered November 13, 1967

Robert H. Hall, for appellant.

John Walker, for appellee.

CARLETON HARRIS, Chief Justice. In June, 1966, the Arkansas State Highway Commission, appellant herein, filed a condemnation complaint in the Circuit Court of Faulkner County, condemning all of a tract of land owned by the Roosevelt Morgan estate, in contemplation of construction preparations for Interstate Highway 40.[1] In September, 1966, appellee (through Mrs. Georgiana Morgan) filed a petition in which it challenged the taking of 6.19 acres lying outside the physical right-of-way (referred to as Tract No. 444R-2) for Interstate 40, and asked that the court strike that portion of the complaint and declaration of taking relating to 444R2. On trial, the Faulkner County Circuit Court dismissed the complaint and declaration of taking as to 444R-2, and, from the judgment so entered, appellant brings this appeal. For reversal, it is simply asserted that the trial court's judgment was wholly unsupported by the testimony.

---

[1] The sum of $18,350.00 was deposited into the registry of the court as estimated just compensation, appellees in their answer denying that said amount was adequate. The adequacy of the amount has nothing to do with this litigation, and is not discussed herein.

[2] The same relief was asked as to Tract No. 444R-1 (1.1 acres) lying outside the physical right-of-way, but the highway department amended its complaint and declaration of taking dismissing the condemnation of that tract.

The proposed right-of-way for Interstate 40 includes 2.62 acres belonging to the Arkansas Children's Colony, and the highway department, in condemning Tract 444R-2, intended exchanging this tract for the 2.62 acres belonging to the Colony. Admittedly, Tract 444R-2 is not needed for the right-of-way, and Mr. Donald H. Martin, Assistant Chief of the Right-of-Way Division of the Arkansas Highway Department, testified that if the Colony had owned the Morgan property (444R-2), the state would have had no need of it. The sole purpose of this condemnation was for exchange. The statutory authority for the condemnation is found in Ark. Stat. Ann. 76-532 (Repl. 1957). This section reads as follows:

"The State Highway Commission is hereby authorized to acquire real or personal property, or any interest therein, deemed to be necessary or desirable for State highway purposes, by gift, devise, purchase, exchange, condemnation, or otherwise. Such lands or real property may be acquired in fee simple or in any lesser estate. State highway purposes shall include, but are not limited to the following:

(a) For present and future rights-of-way, including those necessary for urban extensions of State highways within municipalities.

(b) For exchanging the same for other property to be used for rights-of-way, if the best interest of the State will be served and right-of-way costs reduced thereby.

(c) For rock quarries, gravel pits, sand or earth borrow pits, or related purposes, not being commercially operated.

(d) For offices, shops, storage yards, or other necessary or auxiliary facilities.

(e) For roadside areas or parks adjacent or adjoining or near any State highway.

(f) For the culture and support of trees and shrubbery which benefit any State highway by aiding in the maintenance and preservation of the roadbed, or which aid in the maintenance and promote the attractiveness of the scenic beauties associated with any State highways.

(g) For drainage in connection with any State highway, or for cuts and fills, or channel changes, or maintenance thereof.

(h) For the maintenance of an unobstructed view of any portion of a State highway so as to promote the safety of the traveling public.

(i) For the construction and maintenance of stock trails and cattle passes.

(j) For the elimination of public or private crossings or intersections at grade, on any State highway.

(k) For the protection of the State highway system from both physical and functional encroachments of any kind.''

The Highway Commission relies on Subsection (b) in this litigation. It is appellant's contention that the burden was on the appellee to establish that the best interest of the state *would not* be served, and right-of-way costs *would not* be reduced by the exchange of properties. From its brief:

''The trial court found that the burden of proof was on the appellee to show that the Commission had acted arbitrarily or that the taking was not for a public purpose. Since the Commission condemned tract number 444R-2 for the stated purpose of exchanging it for tract number 440,³ the appellee, in order to prevail, would have to show that (1) the taking was not in the public interest and that (2) the right-of-way cost would not be reduced by the taking.

---

³Owned by the Colóny.

"The evidence in this record fails to show that either of these requirements were met by the appellee.

"Since the appellee must positively show the absence of one or, both of these conditions in order to prevail, and since he failed to establish the absence of either of the conditions by a preponderance of the evidence, the court was in error in granting the defendants motion striking the complaint and declaration of taking on tract number 444R-2."

Appellant points out that this court has repeatedly held that one, who challenges the scope of a condemnation, takes on the burden of proving that the condemnor has abused its discretion. Several Arkansas cases are cited to that effect. Appellant is correct in stating the holding in the cases cited—but those cases do not apply in the case before us. It might be here stated that the trial court, though finding for appellee, actually erred in its holding that the burden of proof was on the appellee. The citations given by appellant refer to cases where the property condemned *was to be used for the purpose for which* it *was condemned.* In the highway case cited, the property condemned *was to be used for the right-of-way.* Here, of course, this is not true. Subsection (b), relied on by appellant, states:

"(b) For exchanging the same for other property to be used for rights-of-way, *if* [our emphasis] the best interest of the State will be served and right-of-way costs reduced thereby."

This subsection has never been passed on before by this court, and the italicized word is the key to the answer in this litigation. It will readily be seen that the commission is authorized to exchange property (it condemns) for other property to be used for right-of-way *only under certain conditions*—those conditions being *if the best interest of the state will be served and right-of-way costs reduced thereby.* Obviously, the highway department does not have this right until it establishes

the italicized phrase. Unless that is established, the right of exchange does not exist. Accordingly, the burden is on the Arkansas Highway Commission to establish those two facts. After all, would not logic itself dictate such a course? How could a landowner normally show that the best interest of the state would *not* be served, and right-of-way costs *not* reduced? Only the department knows the right-of-way costs, and whether same could be reduced by exchanging other property for that right-of-way, instead of paying the right-of-way owner. Only the department is in possession of the facts that could demonstrate that the best interest of the state would be served. Requiring the landowner to make the showing would not only be placing an almost impossible burden upon him, but would clearly be contrary to the statute itself. Evidence taken at the hearing (testimony of Mr. Martin) reflects that the highway department had not even appraised the value of the Colony's property that was within the right-of-way, *i. e.,* the department did not know the value of the property that it was getting for right-of-way use in return for the property it desired to give in exchange, *viz.,* 444R-2.

Mr. Charles Acuff, Superintendent of the Arkansas Children's Colony, likewise, was unable to place a value on the 2.62 acres owned by the Colony, and he stated that he did not know whether the Colony property was worth more or less than the property owned by the Morgan estate, which is under consideration in this litigation.

We have held that the burden was on the commission to establish that the best-interest of the state would be served, and right-of-way costs reduced thereby. It is apparent that this showing was not made, and, for that matter, it is not argued otherwise. The only point argued by appellant is that the burden of proof rested upon appellee, and same was not met. This litigation is thus disposed of, and it becomes unnecessary to pass upon other issues that might arise under the statute,

*i. e.,* the constitutionality of the provision (which is not raised) or the scope of the power of exchange granted to the commission.

Affirmed.

BYRD, J., concurs.

CONLEY BYRD, Justice, concurring. I concur in the result reached by the majority. In my opinion, Ark. Stat. Ann: § 76-532 (Repl. 1957), insofar as it authorizes the taking of property by eminent domain not necessary for highway purposes in order to exchange it for property that is to be used for highway purposes, is unconstitutional and void. Ark. Const. art. 2, § 22. *Ozark Coal Co.* v. *Pennsylvania Anthracite Rd. Co.,* ᴛᴳ Ark. 495, 134 S. W. 634 (1911).

---

'For instance, apparently, under appellant's interpretation of the statute, the State Highway Commission would have the authority to condemn property to the extreme west of Little Rock for the purpose of exchanging it for a right-of-way to be used to the extreme east of Little Rock, the western property being miles away from the proposed highway. We emphasize that the power of the commission to make such an exchange of property is not touched upon in this opinion.