# ARKANSAS STATE HIGHWAY COMMISSION *v.*
## George Forbes ALCOTT

76-79                                     539 S.W. 2d 432

### Opinion delivered July 12, 1976
[Rehearing denied September 13, 1976.]

*Thomas B. Keys* and *Philip N. Gowen,* for appellant.

*Lightle, Tedder, Hannah & Beebe,* for appellee.

FRANK HOLT, Justice. In this eminent domain case, pursuant to Ark. Stat. Ann. § 76-532 (Repl. 1957), appellant condemned a strip of land approximately 50' wide and 126' long out of a city lot 70' wide. The strip was taken for the asserted purpose of restoring public access to an adjacent parcel of land which was landlocked as a result of the recent construction of a highway. On appellee's motion the cause was transferred to chancery court for a determination as to whether the taking of the lot was for public use. The chancellor enjoined the appellant from any further construction on or use of the tract involved. From that ruling comes this appeal.

Appellant contends that the court erred in holding that the lands taken by appellant were not taken for a public use. It argues that the taking was necessary because restoration of

public access to the adjacent property would substantially reduce right-of-way costs and, therefore, would be in the best interest of the state. Appellant argues further that in effect the taking of appellee's property constituted an exchange of property. Appellant relies upon *Arkansas Highway Commission v. Morgan Estate*, 243 Ark. 450, 420 S.W. 2d 525 (1967). We find no merit in appellant's arguments.

Private property can be taken under the power of eminent domain only for a public use. *City of Little Rock v. Raines*, 241 Ark. 1071, 411 S.W. 2d 486 (1967); *Cloth v. Chicago R.I. & P. Ry. Co.*, 97 Ark. 86, 132 S.W. 1005 (1910); and *Ozark Coal Co. v. Pa. Anthracite Rd. Co.*, 97 Ark. 495, 134 S.W. 634 (1911). Whether or not a proposed use for which private property is taken is for a public or private use is a judicial question which the owner has a right to have determined by the courts. *City of Little Rock v. Raines, supra.*

Here appellant's own witness testified, as abstracted:

The public is using this. They are paying for it. . . . The purpose of the highway acquiring this was for access to Mr. Corbin's use. The right of way department made this decision to acquire a private right of way for Mr. Corbin to get service access to the property. . . . But it was a condemnation. That is solely for the purpose of providing Mr. Corbin a private driveway, to reduce damages to the adjoining property. . . . I don't think the Highway Department is going to maintain this property. We made the right of way available for Mr. Corbin's use. We haven't traded any property with him. We haven't conveyed it to anybody. We do not intend to maintain it and Mr. Corbin would have no right to convey it as a right of way into his property. . . . Mr. Corbin has no control over that road. . . . There was no trade of this piece of property. . . . I consider that I traded in the sense that I restored access that I had taken. . . . that was our intent, to restore access to Mr. Corbin's property to reduce damages. . . . There was not any piece of property exchanged for this piece of property.

The evidence adduced by appellant clearly shows that this taking was not for a public use. To the contrary, it was for the

purpose of providing a private driveway and this the state cannot do.

Since we agree that the taking was not for public use, we deem it unnecessary to consider appellant's other contention that the court erred in finding that appellant did not comply with Ark. Stat. Ann. § 76-2203 (Repl. 1957).

Affirmed.