## PENIX *v.* SHADDOX.

### Opinion delivered June 30, 1924.

1. COUNTIES—COURTHOUSE.—It is the duty of a county to erect and furnish a courthouse and to provide necessary offices for the several county officers.

2. COUNTIES — AUTHORITY OF COUNTY COURT TO ASSIGN OFFICES.— Under Crawford & Moses' Dig., § 2279, the county court has exclusive authority in the matter of assigning offices in the courthouse to the several county officers, and such authority is not exhausted when once exercised, but is continuous, and the assignment of offices may be changed whenever, in the judgment of the county court, the public convenience will be promoted by the change.

3. COUNTIES—ASSIGNMENT OF OFFICES—APPEAL.—A county officer aggrieved by the action of the county court in assigning offices in the courthouse should make himself a party to such proceeding and seek a review by the circuit court of the county court's order.

4. EQUITY—JURISDICTION OVER COUNTY COURT.—It is not within the province of a court of equity to correct an error of the county court when proceeding under statutory authority with discretionary powers.

5. INJUNCTION — RESTRAINING SHERIFF FROM DISOBEYING COUNTY COURT.—A suit by the county judge to enjoin the sheriff from interfering with the order of the county court designating a room to be occupied by the county treasurer does not lie; the proper remedy being to cite the sheriff for contempt upon his refusal to obey.

Appeal from Boone Chancery Court; *Ben F. McMahan,* Chancellor; affirmed.

### STATEMENT OF FACTS.

M. O. Penix, as county judge of the court of Boone County, Arkansas, brought this suit against Bob Shaddox to enjoin him from interfering with the order of the county court in designating a room to be occupied by the county treasurer.

According to the allegations of the complaint, M. O. Penix is judge of the county court of Boone County, Arkansas, and designated a room in the courthouse which should be occupied by the county treasurer, and in which his records might be securely kept. Bob Shaddox is the sheriff of the county, and occupies the room assigned to the treasurer for his office. He refused to surrender possession of the room to the county treasurer. Hence this lawsuit.

A demurrer was filed to the complaint on the ground that the chancery court had no jurisdiction of the case. The demurrer was sustained, and, the plaintiff declining to plead further, the complaint was dismissed. The case is here on appeal.

*George J. Crump,* for appellant.

*Worthington & Williams,* for appellee.

HART, J., (after stating the facts). It is the duty of a county to erect and furnish a courthouse, and to provide necessary offices for the several county officers. *Law v. Falls,* 109 Ark. 395.

Section 2279 of Crawford & Moses' Digest defines the powers generally of the county courts of the State. Among other things, the section provides that the county court of each county shall have the control and management of all the property, real and personal, for the use of the county, and to cause to be erected all buildings and all repairs necessary for the use of the county.

Thus it will be seen that the county court is given not only the authority to furnish a courthouse, but to provide the necessary offices for the several county offi-

cers. This includes the power to designate the rooms which are suitable for each particular office, and the action of the county court in assigning the particular rooms which shall be occupied by the different officers is the act of the county. This power is not exhausted when once exercised, but is a continuing one, and the assignment of offices may be changed whenever, in the judgment of the county court, the public convenience will be promoted by the change.

It appears from the record that Shaddox was the sheriff of the county; but he had no right to choose the room which he should occupy as his office. The law confers no authority upon him to take or hold possession of any room in the courthouse for his office when such room has been assigned by the county court to another county officer. The power of the county court is necessarily exclusive. *White* v. *Hewlett* (Ala.), 42 So. 78, and cases cited, and *Werts* v. *Feagle* (S. C.) 65 S. E. 226.

If the sheriff thought that the county court was acting in an arbitrary manner in assigning offices for the various county officers, he should have made himself a party to the proceeding and have appealed to the circuit court from the order of the county court assigning rooms to the various county officers. The county court had the statutory authority to make the order, and in making it the question of public convenience was involved and determined. A court of equity has no jurisdiction over the subject-matter for the purpose of opening up the question and determining it anew. It is not within the province of equity to correct the error of a county court when proceeding under statutory authority with discretionary powers. *Bowman* v. *Frith,* 73 Ark. 523, and *White* v. *Hewlett* (Ala.), 42 So. 78.

It is the duty of the sheriff to attend each term of the county court for his county, and execute all orders made by said court. Crawford & Moses' Digest, § 2272.

In this case it seems that the sheriff himself was the offending party, and refused to obey the order of the

county court. All courts have power to issue all writs and process which may be necessary in the exercise of their respective jurisdictions, according to the principles and usages of law. Crawford & Moses' Digest, § 2104.

Hence the county court might have cited the sheriff for contempt of court in disobeying its orders, or might have enforced it by any other appropriate process. The result of our views is that the wrong remedy was pursued, and the chancery court was without jurisdiction to enforce the order of the county court in question.

It follows that the decree must be affirmed.