JOHN NORMAN HARKEY, COMMISSIONER *v.* KAY L. MATTHEWS, CHANCELLOR

5-4451                                           422 S. W. 2d 410

Opinion delivered December 18, 1967
[Rehearing denied January 29, 1968]

*Allan W. Horne,* for petitioner.

*Garner & Parker,* for respondent.

CONLEY BYRD, Justice. The Insurance Commissioner for the State of Arkansas by this proceeding seeks a

writ to prohibit Kay L. Matthews, Pulaski Chancery Judge, from proceeding on a petition for injunction filed in his court by Savings Guaranty Corporation, an insurance company licensed under the laws of Arkansas. We deny the petition for failure to abstract the record in accordance with our Rule 9(d).

Rule 9(d) provides that the abstract should consist of an impartial condensation, without comment, of such parts of the pleadings, proceedings, facts, documents, etc. as are necessary to an understanding of all questions presented.

The petitioner's abstract of the record is as follows:

"The grounds for the petition and the facts on which the petition are based are set out in the petition for Writ of Prohibition and may be briefly summarized as follows: On August 9, 1967, the Commissioner held a hearing relative to Savings Guaranty Corporation. At the conclusion of the hearing the Commissioner ordered that the Certificate of Authority of Savings as to a certain part of its business should be suspended but that the formal entry of the order should be withheld for a period of two weeks or such additional time as may be necessary. The Commissioner retained jurisdiction for such further orders as may be necessary in the premises. On August 22, 1967, Savings filed in the Chancery Court of Pulaski County, Arkansas a pleading entitled Petition for Injunction wherein Savings prayed for an order prohibiting and enjoining the Commissioner from entering the above-mentioned order on hearing. On the same date, without notice or hearing, a temporary order was entered in accordance with the Petition for Injunction. On August 25, 1967, Savings filed a pleading entitled 'Petition for Citation for Contempt,' alleging that the Commissioner had issued his finding of fact and order in violation of the Chancery Court's temporary order and prayed that the Commissioner be held in contempt of court. On August 23, 1967, the Commissioner filed a motion to dismiss the Petition for Injunction

for lack of jurisdiction, and an answer to the Petition for Citation for Contempt. On September 7, 1967, after a hearing held on August 28, 1967, the Chancery Court entered an order holding that it had jurisdiction of the Petition for Injunction, denying the Petition for Citation for Contempt, and ordered that the effectiveness of the Commissioner's order be held in abeyance pending a final hearing on the Petition for Injunct-tion. As we understand the respondent's position, it is conceded that the Chancery Court does not have juris-diction to enjoin the Commissioner after he has entered his order, it being necessary to follow the statutory pro-cedure provided for appeals from the Commissioner's order. Thus, the single issue before this Court is whether the Chancery Court has jurisdiction to enjoin or pro-hibit the Commissioner from entering such order.''

The only indication in the abstracts and briefs of either petitioner or respondent showing the enjoined conduct was in respondent's statement of his case. That was that the ''Certificate of Authority as to the surety business of Savings Guaranty Corporation with Arkan-sas Loan & Thrift Corporation is hereby suspended'' but that ''the Insurance Commissioner will withhold formal entry of this Order for two weeks, or such addi-tional time as may be necessary.''

We have consistently held that for the writ of pro-hibition to issue, it must appear that the trial court proposes to act in a matter not within its jurisdiction and that petitioner has no other remedy to prevent the usurpation of jurisdiction, *Harris Distributors, Inc.* v. *Marlin, Judge,* 220 Ark. 621, 249 S. W. 2d 3 (1952).

Our cases also recognize that equity has jurisdiction to restrain acts of public officers or agencies which are ultra vires and beyond the scope of their authority, *Jensen* v. *Radio Broadcasting Co., Inc.,* 208 Ark. 517, 186 S. W. 2d 931 (1945). Of course, if the matter at issue before the Commissioner is one which he is given

authority' to regulate, then the Chancery Court would have no jurisdiction, but unfortunately we are unable from the record as abstracted to make a determination either way on the matter. In this situation we must deny the petition.

Denied.

HARRIS, C. J., WARD and JONES, JJ., dissent.

PAUL WARD, Justice, dissenting. The majority opinion contains this sentence: ''We deny the petition for failure to abstract the record in accordance with Rule 9(d).'' It then proceeds to state the provisions of that rule.

The above rule has no application in this kind of a proceeding. Applicable in a prohibition proceeding before this Court is Rule number 16 which we applied less than ten days ago in the case of *Phillip Carroll* v. *Phil Stratton* No. 4530 where we issued a temporary writ of prohibition on a petition without any briefs or abstract of the record. There, we not only granted a temporary writ but we specifically told the petitioner to proceed under Rule 16. This Rule, in material parts, reads:

PETITIONS FOR PROHIBITION, CERTIORARI, ETC.

''In cases in which the jurisdiction of this court is in fact appellate although in form original, such as petitions for writs of prohibition or certiorari, the pleadings with their exhibits are treated as the record, and the pleader is required to file only the original typewritten copy . . .''

The majority opinion also states that the only indication ''showing the enjoined conduct'' was the order of the Commissioner. That this statement is wholly unfounded is revealed by a casual reading of the Commissioner's petition filed in this Court, and his brief. Also,

pursuant to said Rule 16, we can consider the entire record which was filed here together with the petition.

From the above sources it can be easily ascertained that the Commissioner makes it abundantly clear that he was, when stopped by the Respondent, proceeding under Ark. Stat. Ann. § 66-2126 (Repl. 1966) which says he "shall act in a quasi-judicial capacity", and under the succeeding section which says that when he makes an order or refuses to "grant or hold a hearing after demand" an appeal "shall be granted as a matter of right to the *Circuit Court. . .*" (Emphasis added.)

In view of the above this Court should not only *consider* the petition on its merits but should also grant it, based on the following statement appearing in the majority opinion: ". . . if the matter at issue before the Commissioner is one which he is given authority to regulate, then the Chancery Court would have no jurisdiction. . ."

It appears that the only reason for the Respondent's action in this case was that the affected Insurance Company might suffer a financial loss if the Commissioner performed the duties imposed on him by the statutes. If such procedure is sanctioned by this Court the Arkansas Insurance Code [enacted to protect the people] might as well be repealed, because any insurance company that *should* be investigated will necessarily suffer a financial loss when its deficiency is exposed.

HARRIS, C. J. and JONES, J., join in this dissent.