## ARKANSAS STATE GAME AND FISH COMMISSION *v.* Jim EUBANK and F. E. JOHNSON

74-40                                          512 S.W. 2d 540

Opinion delivered July 8, 1974
[Rehearing denied September 9, 1974.]

*William H. Donham,* for appellant.

*Wayne Jewell* and *James E. Stein,* for appellees.

FRANK HOLT, Justice. Appellees are resident landowners on Lake Calion. They secured an injunction preventing a proposed partial fish kill by appellant on 100 acres of the 600 acre lake which is owned by the appellant and open to public fishing. Appellees alleged that the procedure constituted a health hazard and subjected them and the public to irreparable damages. Appellant contends that the proposed fish kill is within its powers and the injunction against the appellant, a state agency, is a suit against the state prohibited by the Ark. Const. Art. 5, § 20 (1874).

Ark. Const. Amend. 35 § 8 (1874) authorizes the Game and Fish Commission to expend funds for fish management and conservation. The same provision extends the power of eminent domain to the Commission to be exercised in the same manner as is exercised by the State Highway Commission. Accord, Ark. Stat. Ann. § 47-108 (Repl. 1964). Both Commissions are bound by and subservient to the re-

quirements of our eminent domain provision, Ark. Const. Art. 2, § 22 (1874), which provides:

.... private property shall not be taken, appropriated or damaged for public use, without just compensation therefor.

See *Farris* v. *Ark. State Game and Fish Comm.*, 228 Ark. 776, 310 S.W. 2d 231 (1958); and *Shellnut* v. *Ark. State Game and Fish Comm.*, 222 Ark. 25, 258 S.W. 2d 570 (1953).

First we observe that appellant is incorrect in its assertion that it cannot be the subject of a suit in our courts. A state agency may be enjoined in a suit in equity if it can be shown the pending action of the agency is *ultra vires* or without the authority of the agency. *Shellnut, supra.* The agency can also be enjoined if it is about to act in bad faith, arbitrarily, capriciously, and in a wantonly injurious manner. *Gray* v. *Ouachita Creek Watershed Dist.*, 234 Ark. 181, 351 S.W. 2d 142 (1961); and *State Hwy. Comm.* v. *Saline County*, 205 Ark. 860, 171 S.W. 2d 60 (1943).

In the case at bar the commission had scheduled a fish kill by the use of rotenone which is an accepted technique for fish management. It is non-toxic to humans and does not harm the flesh of the fish. In fact they are edible and some are harvested by the public. It causes the capillaries of the gills in the fish to constrict and kills the fish by suffocation. Appellees do not dispute the use of rotenone as an accepted method. They testified, however, that in their opinion a fish kill was not needed and if so a fertilization method would accomplish the desired result. They adduced evidence that the use of rotenone would create a health hazard and nuisance since the dead fish would float to the top of the water and to the shore line for three to five days. The appellees asserted that this would subject them to irreparable damage. The chief biologist of the Ark. Game and Fish Commission testified that studies had shown a stunted population of bream in Lake Calion and the rotenone technique was highly successful in restoring the balance of the fish population which would last for three to five years. He also testified that an alternate method, fertilization, was not feasible on this

lake due to its high water exchange ratio caused by the watershed conditions.

In view of this testimony we cannot say that the Commission's proposed partial fish kill by rotenone was without the scope of its constitutional authority. The appellant and not the appellees is the owner of the lake with the public having fishing privileges. In fact, the action of the Commission accrued to the benefit of the public. The undesirability of the procedure as to appellees must be said, at most, to be of a temporary nature since it lasts only three to five days. Consequently, we cannot say that the Commission is acting arbitrarily, capriciously, or wantonly injuring appellees' property. The injunctive proceeding is constitutionally prohibited.

Reversed and dismissed.