David J. POTTER *v.* W. P. CITTY, Coroner of Miller County

74-196                                    516 S.W. 2d 597

Opinion delivered December 2, 1974
[Rehearing denied January 13, 1975.]

*Tackett, Moore, Dowd & Harrelson,* for appellant.

No brief for appellee.

LYLE BROWN, Justice. Appellant David J. Potter brought this action to enjoin the coroner, W. P. Citty. Potter alleged that the coroner, in connection with the death of Jimmie J. Potter, had conducted an illegal inquest; that the coroner was in a position to conduct further acts with regard to the death "without jurisdiction or authority to do so". Potter prayed that the coroner be enjoined from such further activities. The trial court sustained a demurrer to the complaint. Appellant here contends that the trial court had jurisdiction over the subject matter.

The demurrer must be sustained because nowhere in the complaint, which is the only evidence before us, is it alleged in what capacity appellant brought this action. Consequently, the trial court could not tell whether appellant was an interloper who happened to have the same name as the deceased.

Secondly, appellant alleges that the coroner "is in a position to perform further acts in regard to the death of Jimmie J. Potter" without jurisdiction or authority to so act. It is not alleged that the coroner is threatening such actions; nor do we know from the pleading the particulars of those acts. Facts must be alleged which show that action is imminent; and that such acts would be so manifestly beyond the authority of the coroner as to constitute an abuse of power. *Moore* v. *Board of Directors*, 98 Ark. 113, 135 S.W. 819 (1911). A demurrer does not admit any facts that are not well pleaded. *Palmer* v. *Cline*, 254 Ark. 393, 494 S.W. 2d 112 (1973).

Finally, appellant was in error in seeking an injunction to prohibit the coroner from performing an act of discretion. The statute provides that if the circumstances of a death be unknown, or if the circumstances of a death indicate foul play, a coroner's jury shall be summoned. Ark. Stat. Ann. § 42-301 (Repl. 1964) *et seq.* "It is not the duty of the coroner to inquire of sudden deaths, unless there is reasonable ground to believe that they are the result of violence or unnatural causes. The authority is to be exercised within the limits of a sound discretion, and when exercised, the presumption is that the coroner has acted in good faith on sufficient cause." *Clark County* v. *Calloway*, 52 Ark. 361, 12 S.W. 756 (1889).

Affirmed.