John D. ROBINSON et al *v.*
ARKANSAS STATE GAME & FISH
COMMISSION

77-332                                    565 S.W. 2d 433

Opinion delivered May 15, 1978
(In Banc)

*E. W. Brockman, Jr.,* of *Brockman, Brockman & Gunti,* for appellants.

*Murray F. Armstrong* and *William H. Donham,* for appellee.

DARRELL HICKMAN, Justice. The Arkansas Game and Fish Commission in cooperation with the Federal Soil Conservation Service is proposing to create a lake in Lincoln County. The project is called the Cane Creek Project.

Employees of the commission were prevented by several landowners from entering the landowners' property and conducting a survey in connection with the Cane Creek Project. The commission filed suit in chancery court and obtained restraining orders against these landowners.

The orders provided the commission, its agents, and employees, could enter upon the appellants' land for the purpose of making and conducting surveys and appraisals in connection with the Cane Creek Project. The orders restrained the landowners from interfering in any way with the work of the commission or its employees. The orders did restrain the commission and its employees from damaging the property of the landowners, but it required no bond by the commission. The orders were effective for only six months and that time has expired.

The appellant-landowners argue on appeal that the chancery court had no jurisdiction to enter these orders. We agree.

Although the effective dates of the orders have expired, we choose to review this matter because of public interest and to prevent future litigation. See *Arkansas-Missouri Power Co.* v. *Brown,* 176 Ark. 774, 4 S.W. 2d 15 (1928); *Cain* v. *Carl Lee,* 171 Ark. 155, 283 S.W. 365 (1926).

The Arkansas Game and Fish Commission has the power of eminent domain by virtue of Amendment 35, § 8 of the Arkansas Constitution. It reads:

Said Commission shall have the power to acquire by purchase, gifts, eminent domain, or otherwise, all property necessary, useful or convenient for the use of the Commission in the exercise of any of its duties, and in the event the right of eminent domain is exercised, it

shall be exercised in the same manner as now or hereafter provided for the exercise of eminent domain by the State Highway Commission . . . .

The State Highway Commission has statutory authority to obtain a temporary easement in connection with establishing and constructing highways:

Temporary easements for temporary uses by the State Highway Commission in connection with the establishment and construction of State Highways may be acquired or condemned in the same manner as fee simple estates . . . . Ark. Stat. Ann. § 76-545 (Repl. 1957).

It is readily apparent that the Game and Fish Commission, having the same authority as the Highway Commission, may obtain a temporary easement pursuant to this statute. It is undisputed that this was not done in this case.

The commission argues the chancery court had jurisdiction and acted properly because there was no taking of a landowner's property; the landowner's constitutional guarantees were protected; and, the commission had the right to make the survey under its "police powers." All of these arguments are without merit.

The entry upon another's land is not a right to be assumed by anyone — private citizen or public agency. A public agency's right of eminent domain is a constitutional privilege granted with limitations.

First, there must be established the need for taking for public use or purpose. "This is a judicial question which the owner has a right to have determined by the courts." *Arkansas State Highway Comm.* v. *Alcott*, 260 Ark. 225, 539 S.W. 2d 432 (1976).

Second, the condemnation of land must be according to law. This means that a lawsuit must be filed in circuit court and money tendered to compensate the landowner for the taking until the damages can be ascertained by a jury. See Ark. Stat. Ann. §§ 76-532, *et seq.* (Repl. 1957), as amended

(Supp. 1977); see also *Arkansas State Highway Comm.* v. *French,* 246 Ark. 665, 439 S.W. 2d 276 (1969).

If it becomes necessary, the commission should proceed in circuit court in accordance with the statute and obtain an easement for the purpose of conducting a survey and any incidental and necessary use of land that goes along with conducting a survey. Ark. Stat. Ann. § 76-545 (Repl. 1957). The description of land necessary to obtain such an easement would have to be no more specific than the description of land contained in the injunctions entered in this case. In other words, it may be a general description. Also, the amount of money that would have to be tendered in such a case would nearly always be a minimal amount.

The use of appellants' land was admittedly slight and for a relatively short period of time. However, it was still a use of land inconsistent with the landowner's right to control and enjoy his property in fee simply absolute. Therefore, it is a taking of a landowner's interest and as such must be in accordance with Arkansas law which insures that one's right of property is preserved.

It is argued the commission through its "police powers" had the right to gain entry to the appellants' land. Also, that since this was not a "taking" the chancery court had jurisdiction to issue a routine injunction. We cannot accept the argument that the commission had any right of entry except in furtherance of its power of eminent domain. The state has no inherent right to enter anybody's property.

There is the added problem that has given us some difficulty when chancery courts exercise jurisdiction in cases where the state's right of eminent domain is exercised. See *Arkansas State Highway Comm.* v. *Rice,* 259 Ark. 190, 532 S.W. 2d 727 (1976). The question was recently raised and we decided that there are limited circumstances when chancery court has such jurisdiction. See *Bierbaum* v. *City of Hamburg,* 262 Ark. 532, 559 S.W. 2d 20 (1977).

Although the chancellor used good judgment in this case and the restraining order was reasonable, we feel the

chancellor did not have jurisdiction and therefore reverse his orders.

Reversed.

HARRIS, C.J., not participating.

FOGLEMAN, J., dissents.