Barrett TOAN, Commissioner of
Arkansas Social Services et al *v.*
Richard Robert FALBO et ux

79-321                                    595 S.W. 2d 936
Supreme Court of Arkansas
Opinion delivered April 7, 1980

*Monroe L. Bethea,* for appellant.

*Jon R, Sanford,* for appellees.

JOHN I. PURTLE, Justice. Richard Robert Falbo and Linda Lou Falbo, appellees, applied to the Pope County Chancery Court for an injunction preventing appellants from interfering with their adoption proceedings which were filed simultaneously with the petition for injunction. Appellees were attempting to adopt a child who had been placed with them as foster parents by the Arkansas Social Services. The

attorney for the appellants had been duly appointed temporary guardian for the infant with the power to consent to adoption. The trial court granted the injunction from which the appellants appeal. We hold that the injunction should not have been granted.

The infant was born on August 2, 1979, and the unmarried mother relinquished him to the Division of Social Services for the State of Arkansas. The attorney for the department was appointed temporary guardian. The natural mother did not withdraw consent.

The child was removed from the hospital and placed with the appellees as foster parents on August 8, 1979. Appellant notified appellees on October 5, 1979, that the infant would be removed from their home on October 8, 1979, and placed with the selected adoptive parents.

On October 8, appellees filed a petition for adoption of the child, and at the same time filed suit for the injunction in Pope County Chancery Court. A hearing was held on October 11, 1979, and the injunction was issued. The injunction granted temporary custody to the appellees and prevented the appellants from removing the child from appellees' custody until further orders from the court.

We have recognized that equity has jurisdiction to enjoin or restrain officers of state agencies from acts which are *ultra vires* or beyond the scope of their authority. *Harkey* v. *Matthews,* 243 Ark. 775, 422 S.W. 2d 410 (1967). *Arkansas State Game and Fish Commission* v. *Eubank,* 256 Ark. 930, 512 S.W. 2d 540 (1974). We have also held an agency may be enjoined if it is about to do an act in bad faith, arbitrarily, capriciously, wantonly, or injuriously. *Gray* v. *Ouachita Creek Watershed District,* 234 Ark. 181, 351 S.W. 2d 142 (1961).

On the other hand, we have held a court of equity is without jurisdiction to issue an injunction preventing a board or commission from hearing a case where the board or commission had jurisdiction. *Eclectic State Medical Board* v. *Beatty,* 203 Ark. 294, 156 S.W. 2d 246 (1941). We held that proper procedure was for persons affected to seek court review of the

commissioner's ruling if the person felt the proceeding was arbitrary or otherwise illegal. The chancery court was held without jurisdiction to prohibit a coroner from performing his statutory duties of investigating a death under circumstances that indicated foul play. *Potter* v. *Citty,* 257 Ark. 276, 516 S.W. 2d 597 (1974). The chancery court was without jurisdiction to enjoin a landowner from interfering with the Game and Fish Commission surveying land for a proposed project. *Robinson* v. *Arkansas Game & Fish Commission,* 263 Ark. 462, 565 S.W 2d 433 (1978).

We concluded that chancery courts are without jurisdiction to enjoin actions of state boards and commissions from performing the duties delegated to them by proper statute or authority absent allegations or proof that such proposed actions are *ultra vires,* are beyond the scope of their authority, violate official duties, cause irreparable harm or damages, destroy rights or privacy of the citizens, are arbitrary or capricious, or if an adequate remedy at law is not available.

In the present case, there was no allegation or proof that any of the prohibited acts were about to be performed by the appellants. Additionally, Ark. Stat. Ann. § 57-625 (Repl. 1971) gives the duly appointed guardian the right of custody superior to that of foster parents. Therefore, it was error for the chancellor to issue the injunction.

The case is remanded to the trial court with directions to dissolve the injunction and dismiss the petition.