SHARP COUNTY, Arkansas *v.* NORTHEAST ARKANSAS PLANNING AND CONSULTING COMPANY

81-207                                                         628 S.W. 2d 559

Supreme Court of Arkansas
Opinion delivered February 22, 1982
[Rehearing denied March 29, 1982.]

*Jim Stallcup,* Pros. Atty., and *Stewart K. Lambert,* for appellant.

*William R. Haas* and *H. David Blair,* for appellee.

FRANK HOLT, Justice. The appellee filed a claim in Sharp County Court against the appellant for $7,000 based upon an alleged agreement between the two parties whereby appellee was to provide consulting services for the appellant in preparing a preapplication and application for federal assistance under the Housing and Community Development Act of 1974. The county court found that the claim was not valid and denied payment. The appellee appealed to the circuit court where a jury awarded it a judgment for $4,530 plus interest.

Appellant first contends the trial court erred in permitting appellee to amend its claim in circuit court by reducing the amount from $7,000 to $4,530. It further asserts that the claim in county court was based upon a February 9, 1975, order and the amended claim was based upon a December, 30, 1976, order. It argues that these amendments constituted a new cause of action permitting the circuit court to exercise original jurisdiction which is vested in the county court. Art. 7, § 28, Arkansas Constitution (1874).

We have held that on appeal from the county court, the

circuit court could not allow a substitution of parties since this would permit the circuit court to exercise original jurisdiction, *McLain* v. *Miller County*, 180 Ark. 828, 23 S.W. 2d 264 (1930); nor can the circuit court allow claims to be amended which increases the amount of relief sought, *Madison County* v. *Nance*, 182 Ark. 775, 32 S.W. 2d 1073 (1930) (one from $185 to $500 and one from $200 to $1,000). However, the circuit court, in its discretion, may permit amendments which do not change the original cause of action. *Freeman* v. *Lazarus*, 61 Ark. 247, 32 S.W. 2d 680 (1895); and *Saline County* v. *Kinkead*, 84 Ark. 329, 105 S.W. 581 (1907).

Appellee submitted its claim to the county court on November 16, 1977. One document, bearing that date, was an unnotarized instrument captioned "Affidavit to County Account" bearing the notation February 9, 1975, court order in the amount of $7,000. Another document, dated November 16, 1977, was an invoice or statement of charges showing professional services were rendered between the dates of December 31, 1976, to March 31, 1977, and itemizing the number of hours and hourly rate of charges totaling $7,000. Appellant argues that there is no February 9, 1975, court order evidencing this agreement or a basis for a valid claim. In other words, appellant asserts that the claim, as amended in circuit court, is based upon a 1976 county court resolution and a different amount, neither of which was presented to the county court.

However, the appellant overlooks appellee's cover letter dated November 16, 1977, enclosing the county claim and itemized invoice. That letter reads:

> On the 30th day of December, 1976, the County Court of Sharp County entered into a contract with Northeast Arkansas Planning and Development Corporation to prepare and file a pre-application for federal assistance to the Department of Housing and Urban Development in Little Rock. Provisions of this order required the County to pay a fee of $7,000.00. According to information that we have, this contract has been fulfilled and the County is in receipt and has accepted a

$250,000 grant from the Department of Housing and Urban Development. I feel that the employment of our firm has been completed and fulfilled as per the agreement and payment of $7,000.00 is due our company. You will find our invoice for these services included within this letter and should you have any questions pertaining to the statement of the services rendered, please feel free to contact me at any time.

Even so, the appellant argues that an affidavit in circuit court by a successor county judge states that the county could not pay the claim since it referred to a February 9, 1975, county court order which has been adjudicated by the courts. (*Sharp County* v. *Northeast Ark. Plng. & Cnsltg.,* 269 Ark. 336, 602 S.W. 2d 627 [1980]). However, appellant overlooks that the affiant also stated that he knew from his own personal knowledge that a resolution was passed by Sharp County, Arkansas, dated December 30, 1976, which permitted Sharp County to enter into the asserted agreement with the appellee. In our view appellant was clearly aware that appellee was claiming payment for services pursuant to the December 30, 1976, resolution. Further, we cannot perceive how the county was prejudiced when the circuit court permitted the claim of $7,000, the maximum contingent fee, to be reduced to $4,530. No prejudice is demonstrated. Therefore, the circuit court did not abuse its discretion in permitting the amendments since it did not change the original cause of action in the county court.

Appellant next asserts that the trial court erred in overruling its motion for summary judgment in that (a) the trial court was without jurisdiction to hear the amended claim of plaintiff and (b) plaintiff was allowed to file an affidavit during or after the hearing. A sufficient answer to this contention is that "the denial of a motion for summary judgment is not subject to review even after final judgment in a suit." *Henslee* v. *Kennedy,* 262 Ark. 198, 555 S.W. 2d 937 (1977). See also *Life and Cas. Ins. Co. of Tenn.* v. *Gilkey,* 255 Ark. 1060, 505 S.W. 2d 200 (1974).

Appellant further argues the county court resolution dated December 30, 1976, was not an agreement for appellee

to perform any services for appellant which were compensable, and, therefore, the trial court erred in overruling appellant's motion for a directed verdict and motion for judgment notwithstanding the verdict. These motions were based upon the assertion that the circuit court lacked jurisdiction. We have already determined that the circuit court had jurisdiction. Further, a directed verdict is proper only when there is no substantial evidence from which the jurors, as reasonable persons, could possibly find the issues for the party opposing the motion. *Ark. Kraft Corp.* v. *Johnson, Adm'n,* 257 Ark. 629, 519 S.W. 2d 74 (1975). Here, the resolution dated December 30, 1976, was in evidence. There was ample testimony and other evidence that an agreement existed between the parties and the services were rendered pursuant to it. Whether or not this resolution and the acts of the parties constituted an agreement is a question of fact for the jury to decide. *Manhattan Factoring Corp.* v. *Orsburn,* 238 Ark. 947, 385 S.W. 2d 785 (1965).

Appellant next contends the trial court erred in awarding appellee interest on its judgment. Appellee concedes this is correct. Ark. Stat. Ann. § 29-125 (Repl. 1979). To this extent the judgment is modified.

Affirmed as modified.

HICKMAN, J., dissents as to first issue.