Don VENHAUS et al *v.* BOARD OF EDUCATION
OF PULASKI COUNTY, Arkansas

83-122                                    659 S.W.2d 179

Supreme Court of Arkansas
Opinion delivered October 24, 1983

*Henry & Duckett,* by: *Stephen L. Curry,* for appellants.

*Larry D. Vaught,* for appellee.

RICHARD B. ADKISSON, Chief Judge. On December 14, 1981, then Pulaski County Judge W. E. Beaumont diverted $176,155.56 from the school tax collection account of appellee, Pulaski County Board of Education, to the Pulaski County General Fund. The money diverted reflected an office rental charge for the Pulaski County Assessor and Collector in the Wallace Building for the years 1979, 1980, and 1981.

Appellee brought this action asking for an order to enjoin the county from charging to it the rent for these offices. The trial court issued the injunction and ordered the county to refund the monies diverted. On appeal we affirm.

Appellants contend that office space for the Assessor and Collector is an actual and necessary expense which can be charged back against the school tax collection accounts pursuant to Ark. Stat. Ann. § 12-806 (Repl. 1979) and Ark. Stat. Ann. § 12-1726 (Repl. 1979). We disagree. While there is no doubt that office space is necessary, the question arises of whose duty it is to bear this expense. In *Penix* v. *Shaddox,* 165 Ark. 152, 263 S.W. 389 (1924), this Court found that it was the duty of the county to furnish a courthouse and to provide the necessary offices for the several county officers. Therefore, the expense is one for the county rather than for the Assessor and Collector and cannot be recovered from the school districts.

Further, appellants argue that Amendment 10 of the Arkansas Constitution defeats the refund ordered by the trial judge because the funds diverted in December of 1981 had been expended by the county before appellee took action to prohibit the diversion in January of 1982. We disagree. Appellee acted promptly to recover the funds illegally diverted.

Affirmed.