Bennie J. McCOY *v.* Honorable Lee A. MUNSON, Chancellor

87-203                                                          744 S.W.2d 708

Supreme Court of Arkansas
Opinion delivered February 16, 1988

*Wright, Lindsey & Jennings*, for appellant.

*David Orsini*, for appellee Construction Engineers, Inc.

*Janice W. Vaughn*, for intervenor Associated General Contractors.

*James R. Rhodes*, for intervenors Michael Sutterfield and

Catherine N. Rushing.

JACK HOLT, JR., Chief Justice. Bennie McCoy petitions for a writ to prohibit the chancery court from proceeding in a suit filed against him. The basis of the petition is that the court is wholly without jurisdiction to grant the relief sought. We disagree and deny the petition.

The Conway Corporation solicited bids from contractors through the public bidding process for the construction of improvements to the water treatment system of the city of Conway. Construction Engineers, Inc. ("CEI"), among others, submitted a bid. Although CEI was the lowest bidder, the Conway Corporation awarded the contract to M.D. Limbaugh Construction Company ("Limbaugh"). Subsequently, CEI filed suit against the Conway Corporation, its directors, McCoy, and Limbaugh alleging that the Conway Corporation and its directors violated Arkansas law [Ark. Code Ann. §§ 19-11-401—19-11-405 (1987)] by refusing to award the contract to CEI, and that they and McCoy conspired to harm CEI by utilizing an intentionally biased survey prepared by McCoy, which was designed to support an award of the contract to Limbaugh. CEI asked the court to enjoin the Conway Corporation and all of the other defendants except McCoy and Limbaugh from awarding a contract to any other contractor and to enjoin Limbaugh from entering into a contract with the Conway Corporation. CEI also prayed for compensatory and punitive damages from McCoy and all of the other defendants except Limbaugh. McCoy later filed a motion in the chancery court to transfer the claim against him to circuit court, which was denied. McCoy then petitioned this court to prevent the chancery court from adjudicating the matter.

A writ of prohibition is only issued where an inferior court is wholly without jurisdiction. *Scott* v. *Kidd*, 293 Ark. 451, 738 S.W.2d 421 (1987). If a court merely acts erroneously in ordering or denying a motion to transfer a case to circuit court, the remedy is by appeal after the matter proceeds to a final judgment, not by writ of prohibition. *First Arkansas Leasing Corp.* v. *Munson*, 282 Ark. 359, 668 S.W.2d 543 (1984).

Unless the chancery court has no tenable nexus whatever to the claim in question, we will consider the matter of whether the claim should have been heard there to be one of

propriety rather than subject matter jurisdiction. *Liles* v. *Liles*, 289 Ark. 159, 711 S.W.2d 447 (1986); *see also Horne Bros., Inc.* v. *Ray Lewis Corp.*, 292 Ark. 477, 731 S.W.2d 190 (1987). We find that the chancery court has a tenable nexus to the purely legal claim for damages asserted against McCoy since the claim is an integral part of the litigation in which both equitable and legal relief is sought from other defendants. As the matter is one of propriety, not subject matter jurisdiction, we deny the petition for writ of prohibition.

Petition denied.

GLAZE, J., not participating.