F.G. "Buddy" VILLINES, Pulaski County Judge, et al.
v. Linda H. LEE, et al.

94-1244                                          902 S.W.2d 233

Supreme Court of Arkansas
Opinion delivered July 17, 1995
[Rehearing denied September 18, 1995.*]

---

*Brown and Roaf, JJ., would grant.

*Nelwyn Davis*, Pulaski County Attorney, and *Karla Burnett*, Staff Attorney, for appellants.

*The Perroni Law Firm, P.A.*, by: *Samuel A. Perroni* and *J. Nicole Graham*, for appellees.

ROBERT H. DUDLEY, Justice. Circuit Judge Marion Humphrey granted administrative leave to the court's secretary, case coordinator, bailiff, assistant bailiff, probation officer, and law clerk from May 24th to June 4, 1993, while the court's chambers and courtroom were being relocated in the Pulaski County Courthouse. County Judge F.G. "Buddy" Villines later learned that the circuit court employees had not worked during the two-week period and advised Judge Humphrey that he had been without authority to grant administrative leave to the court employees

because Pulaski County's personnel policy, adopted by ordinance, provides that a county employee must work forty hours to receive a full week's pay. The statutes creating the circuit court positions provide, "The employees covered by this subsection shall be treated by Pulaski County in the same manner as other Pulaski County employees for all other purposes." Ark. Code Ann. §§ 16-13-1409(d)(4), -1410(d)(4), -1411(d)(4), -1412(d)(4), -1413(d)(2), and -1414(d)(4) (Repl. 1994). The Circuit Judge apparently did not agree that the statutes could constitutionally provide that circuit court employees are county employees, and the two judges were unable to resolve the matter. The County Judge subsequently contacted each of the circuit court employees and asked whether the employee wanted to forfeit part of his or her vacation time or have his or her compensation adjusted to make up for the unauthorized leave. Each refused to agree to forfeiting either vacation time or compensation. The County Judge, acting in his executive capacity, directed the County Comptroller, Jean Rolfs Fulwider, to deduct either vacation time or compensation from each of the employees. The Comptroller prepared an accounting that reflects the amount of vacation time or compensation, or combination of both, that is to be deducted from each court employee.

The circuit court employees, apparently assuming that the deductions set out in the accounting were about to be implemented, filed this suit in chancery court against the County Judge and the County Comptroller, and sought a temporary restraining order and permanent injunction against economic losses that "will result" or "have resulted" to them. The chancellor entered a temporary restraining order and then a permanent injunction preventing the County Judge and the County Comptroller from deducting the employees' vacation or compensation time.

We reverse the ruling because the chancery court was without subject-matter jurisdiction to enjoin the County Judge and County Comptroller from acting in their executive capacities. Subject-matter jurisdiction is determined from the pleadings. *McKinney* v. *City of El Dorado*, 308 Ark. 284, 824 S.W.2d 826 (1992). When subject-matter jurisdiction is lacking, we raise the issue on our own motion. *Mertz* v. *States*, 318 Ark. 390, 885 S.W.2d 853 (1994). Here, there is no pleading giving chancery court subject-matter jurisdiction. The general rule is that a court

of chancery is without jurisdiction to judicially review the discretionary functions of the executive branch of government. *Bryant* v. *Mathis*, 310 Ark. 737, 839 S.W.2d 528 (1992). If the general rule were otherwise, it would violate the separation of powers as the judicial branch could then direct the discretionary functions of the executive branch. However, there are limited exceptions to the general rule. A court of chancery is empowered to prevent a member of the executive branch from acting *ultra vires*, in bad faith, or arbitrarily. *Cammack* v. *Chalmers*, 284 Ark. 161, 680 S.W.2d 689 (1984); *Toan* v. *Falbo*, 268 Ark. 337, 595 S.W.2d 936 (1980). In addition, 42 U.S.C. § 1983 gives a court of equity the power to enjoin governmental agencies and officials from depriving people of constitutional rights. *Arkansas State Medical Bd.* v. *Leipzig*, 299 Ark. 71, 770 S.W.2d 661 (1989). There is no allegation in this case that the County Judge and County Comptroller are about to act *ultra vires*, in bad faith, or arbitrarily, or to deprive the employees of constitutional rights.

In *Toan* v. *Falbo*, 268 Ark. 337, 595 S.W.2d 936 (1980) we wrote:

> We have recognized that equity has jurisdiction to enjoin or restrain officers of state agencies from acts which are *ultra vires* or beyond the scope of their authority. *Harkey* v. *Matthews*, 243 Ark. 775, 422 S.W.2d 410 (1967). *Arkansas State Game and Fish Commission* v. *Eubank*, 256 Ark. 930, 512 S.W.2d 540 (1974). We have also held an agency may be enjoined if it is about to do an act in bad faith, arbitrarily, capriciously, wantonly, or injuriously. *Gray* v. *Ouachita Creek Watershed District*, 234 Ark. 181, 351 S.W.2d 142 (1961).

> On the other hand, we have held a court of equity is without jurisdiction to issue an injunction preventing a board or commission from hearing a case where the board or commission had jurisdiction. *Eclectic State Medical Board* v. *Beatty*, 203 Ark. 294, 156 S.W.2d 246 (1941). We held that proper procedure was for persons affected to seek court review of the commissioner's ruling if the person felt the proceeding was arbitrary or otherwise illegal. The chancery court was held without jurisdiction to prohibit a coroner from performing his statutory duties of

investigating a death under circumstances that indicated foul play. *Potter* v. *Citty*, 257 Ark. 276, 516 S.W.2d 597 (1974). The chancery court was without jurisdiction to enjoin a landowner from interfering with the Game and Fish Commission surveying land for a proposed project. *Robinson* v. *Arkansas Game & Fish Commission*, 263 Ark. 462, 565 S.W.2d 433 (1978).

*Id.* at 338-39, 595 S.W.2d at 937-38. Thus, chancery court is not empowered to issue an injunction against the County Judge and County Comptroller in this case.

The more difficult question is whether to dismiss or to remand for the chancery court to transfer to circuit court because the pleadings do not set out enough detail for us to determine whether the matter should have been in county court or circuit court originally. The proof in the case does not show that the County Judge and County Comptroller have actually deducted any compensation from the employees and have not yet refused to allow them to take paid vacations; rather, it indicates that they will do so in the future. If the compensation of the employees were already deducted, and if they were seeking to claim it, they would be required to file a claim in county court. Ark. Const. art. VII, § 28, amend. 55. In implementation of the Constitution, Ark. Code Ann. § 14-14-1203 (1987) provides:

> All compensation, including salary, hourly compen-sation, expense allowances, and other remuneration, allowed to any county or township officer, or employee thereof, shall be made only upon claim or voucher presented to the county judge and approved by him in the manner prescribed by law for disbursement of county funds.

*Id.* § 14-14-1203(b).

■ An appeal from county court would be to circuit court. Ark. Const. art VII, § 33; *Sharp County* v. *Northeast Arkansas Planning & Consulting Co.*, 275 Ark. 172, 628 S.W.2d 559 (1982).

■ However, if, as it appears, the Comptroller prepared an accounting that shows the amounts that will be deducted from the employees' compensation and leave time in the future, the County Judge intends to enforce that document in the future, and this suit is to prevent the County Judge and Comptroller from

performing that act, then this amounts to an action for mandamus. Mandamus will not lie in chancery court as it is exclusively within the subject-matter jurisdiction of circuit court. *Arkansas State Police Comm'n* v. *Davidson*, 252 Ark. 137, 477 S.W.2d 852 (1972). A petition praying that a County Judge be compelled to do an act is a petition for a writ of mandamus to be heard in circuit court, and chancery court is wholly without subject-matter jurisdiction to hear such a case. *Parker* v. *Saline County*, 288 Ark. 108, 702 S.W.2d 7 (1986).

■ Since it appears that subject-matter jurisdiction is in circuit court rather than county court, we do not dismiss this case. Rather, we remand to the chancery court with directions to transfer the case to circuit court. *Davidson*, 252 Ark. at 142, 477 S.W.2d at 855; Ark. Code Ann. § 16-57-104 (1987).

Reversed and remanded for transfer to circuit court.

HOLT, C.J., not participating.

BROWN and ROAF, JJ., dissent.

GLAZE, J., concurs.

ANDREE LAYTON ROAF, Justice, dissenting. Once again we have litigants caught short in the morass of subject-matter jurisdiction between our chancery and circuit courts. And once again this has occurred after trial on the merits, without either party or the trial court detecting that there might be a problem with jurisdiction; the parties do not even raise the issue on appeal.

Of course, we have repeatedly addressed this issue. We have said that it is well established that subject-matter jurisdiction is determined from the pleadings. *Maroney* v. *City of Malvern*, 320 Ark. 671, 899 S.W.2d 476 (1995). Further, subject-matter jurisdiction is given to a particular court by the Arkansas Constitution. *Id.* Finally, it is settled law that subject-matter jurisdiction, if lacking, cannot be induced simply because there is no objection. *J.W. Reynolds Lumber Co.* v. *Smackover State Bank*, 310 Ark. 342, 836 S.W.2d 853 (1992). However, that general rule applies only where jurisdiction could not "under any circumstances" exist or where chancery court is "wholly incompetent to grant the relief sought." *Id.*

In *Liles* v. *Liles*, 289 Ark. 159, 711 S.W.2d 447 (1986), we

noted that our cases demonstrate that we have come to the position that unless the chancery court has no tenable nexus whatever to the claim in question we will consider the matter of whether the claim should have been heard there to be one of propriety rather than one of subject matter jurisdiction. We will not raise the issue ourselves, and we will not permit a party to raise it here unless it was raised in the trial court. *Id.* Thus, unless the chancery court has no tenable nexus whatever to the claim in question, we will consider the matter of whether the claim should have been heard there to be one of propriety rather than subject matter jurisdiction. *McCoy* v. *Munson*, 294 Ark. 488, 744 S.W.2d 708 (1988).

In the instant case, the appellees sought an injunction to prevent the appellants from docking their accrued vacation and compensatory time for 56 hours that appellees allegedly "did not work." An injunction is a command by a court to a person to do or refrain from doing a particular act; it is mandatory when it commands a person to do a specific act, and prohibitory when it commands him/her to refrain from doing a specific act. *Butler* v. *State*, 311 Ark. 334, 842 S.W.2d 434 (1992). Further, an injunction is an equitable remedy of which a chancery court has jurisdiction. *Manitowoc Remfg., Inc.* v. *Vocque*, 307 Ark. 271, 819 S.W.2d 275 (1991). In addition, the appellees asserted they had no adequate remedy at law. The appellees also asserted that appellant Villines should be estopped from denying the appellees' compensation because of his delegation of authority to Judge Humphrey to supervise and direct appellees in the performance of their duties. Estoppel in pais is the doctrine by which a person may be precluded by his acts or conduct or by failure to act or speak under circumstances where he should do so, from asserting a right which he otherwise would have had. *Daves* v. *Hartford Accident & Indem. Co.*, 302 Ark. 242, 788 S.W.2d 733 (1990). Our case law is quite clear that estoppel in pais or equitable estoppel may be pled in both courts of equity and courts of law. *Northwestern Nat'l Life Ins. Co.* v. *Heslip*, 302 Ark. 310, 790 S.W.2d 152 (1990). Where subject-matter jurisdiction is concurrent, the issue is one of propriety, not one of subject-matter jurisdiction, and unless the propriety of filing the action is raised by the parties, we will not consider it. *See Liles, supra.*

The majority characterizes appellees' suit as an action for

mandamus. A party seeking a writ of mandamus must show a specific legal right and the absence of any other adequate remedy. *State* v. *Roberts*, 321 Ark. 31, 900 S.W.2d 175 (1995). Mandamus is an appropriate remedy when a public officer is called upon to do a plain and specific duty, which is required by law, and which requires no exercise of discretion or official judgment. *Sanders* v. *Neuse*, 320 Ark. 547, 898 S.W.2d 43 (1995). The fact that an injunction may be, in effect, equivalent to a writ of mandamus should not be relied upon to defeat subject-matter jurisdiction in this instance.

We did not do so in *Venhaus* v. *Adams*, 295 Ark. 606, 752 S.W.2d 20 (1988), a case which involved an appeal from a judgment of the Pulaski County Chancery Court granting judgment for overtime pay to employees of the county sheriff's office. Appellants were the county judge and Pulaski County. This case was decided on the merits and reversed and dismissed, without any discussion of the jurisdiction of the chancellor to hear this matter. Nor did we raise the issue in *Venhaus* v. *Bd. of Education of Pulaski Co.*, 280 Ark. 441, 659 S.W.2d 179 (1983), in which the appellee sought and obtained an injunction against the county for office rent charged against school tax monies collected. The chancellor's decision to issue the injunction and order the monies refunded was upheld by this court.

Finally, although it states that as a general rule, equity does not undertake the revision or supervision of governmental action lawfully exercised through the legislative or executive or administration departments, 42 *Am. Jur. 2d Injunctions* § 176 (1969) also provides that injunction may lie under special circumstances, and when necessary to the protection of property or other rights of individuals or the public against irreparable injury. For the foregoing reasons, I do not agree that the chancellor in this case was "wholly incompetent" to grant the relief sought and would reach the merits of this case.

I respectfully dissent.

BROWN, J., joins in this dissent.