The Honorable Stanley Russ State Senator Post Office Box 787 Conway, Arkansas 72032
Dear Senator Russ:
This is in response to your request for an opinion on whether Faulkner County may assign a pro rata portion of the costs of construction of a new county building to the county treasurer as an expense of that office. Your request indicates that, in order to make additional office and courtroom space available to local circuit and chancery courts, the county intends to construct a new building to house certain county officers, including the treasurer.
It appears that it would be desirable, from the county's point of view, to designate a share of the construction costs as an expense of the treasurer so that such portion could be paid from the two percent commission provided for by A.C.A. § 21-6-302(a) (Cum. Supp. 1993). Such a designation would, in effect, shift a portion of the costs of the building to the other taxing units on behalf of whom the treasurer handles funds.
It is my understanding that each county treasurer deducts from the commission the salaries and expenses of his office, and apportions the excess to the funds and taxing units on whose behalf such amounts are handled. In other words, each taxing unit pays a proportionate share of the treasurer's actual salaries and expenses, up to a maximum of two percent of such taxing unit's collections. See Ops. Att'y Gen. 91-077 and 78-112.
In Venhaus v. Board of Educ. of Pulaski County, 280 Ark. 441,659 S.W.2d 179 (1983), a county judge diverted funds from school taxes to the county general fund to pay a portion of the rental of an office occupied by the county assessor and collector. The chancery court enjoined the county from charging rent against the school funds and ordered a refund. The Supreme Court of Arkansas affirmed, citingPenix v. Shaddox, 165 Ark. 152, 263 S.W. 389 (1924), for the rule that it is the county's duty to furnish offices to the several county officers. The court held that the expense of office space is the responsibility of the county, not of the county officer occupying the space. As the expense was not that of the county officer, it could not be recovered as an expense of his office from funds handled by him on behalf of various taxing units.
In my opinion, Venhaus and Penix are controlling on the question posed here. As the expense of providing office space is a county expense, not an expense of the treasurer, such expense may not be allocated to the treasurer and recovered from taxing units on whose behalf the treasurer handles funds.[1]
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General J. Madison Barker.
Sincerely,
WINSTON BRYANT Attorney General
WB:JMB/cyh
[1] This conclusion makes it unnecessary for me to address the substantial issue of whether the capital costs proposed to be incurred here could fairly be characterized as "expenses."