Sharon PRIEST, Secretary of State, and Jimmie Lou Fisher, Treasurer; Marilyn M. Zornik, Natural Guardian and Next Friend of Anna Margaret Zornik, a Minor *v.* Jennifer POLK and Randall L. Bynum, On Behalf of Themselves and All Others Similarly Situated; Steve Clark

95-1197                                               912 S.W.2d 900

Supreme Court of Arkansas
Opinion delivered November 28, 1995

*Winston Bryant*, Att'y Gen., by: *Tim Humphries*, Deputy Att'y Gen., for appellants/cross-appellees, and *Ann Purvis*, Gen. Counsel, Sec. of State's Office, for separate appellant Sharon Priest, Sec. of State.

*Vincent C. Henderson II*, for intervenor Marilyn M. Zornik.

*Trotter Law Firm, P.A.*, by: *Scott C. Trotter, Richard B. Adkisson*, and *Larry Page*, for appellees/cross-appellants.

*DeLay Law Firm*, by: *R. Gunner DeLay*, for appellees.

PER CURIAM. Appellants have filed a motion to stay the enforcement of the order of the chancery court declaring void Acts 1 and 2 of the First Extraordinary Session of 1995 and enjoining the December 12, 1995 special election called pursuant to Act 1 of the First Extraordinary Session of 1995. Appellants' motion for stay is hereby granted. The parties are requested to brief the subject matter jurisdiction issue. The briefing schedule previously set will be followed such that subject matter jurisdiction may be briefed in the reply briefs due November 29, 1995.

Glaze, J., concurs.

Dudley and Newbern, JJ., dissent.

Tom Glaze, Justice, concurring. This case, jurisdictionally, should have been filed in circuit court. It is clear that both circuit and chancery courts may have subject-matter jurisdiction of illegal-exaction cases; however, this court has held that an illegal exaction complaint was not proper where exclusive jurisdiction of the underlying matter was conferred on the circuit rather than the chancery court. *Foster* v. *Jefferson County Quorum Ct.*, 321 Ark. 105, 901 S.W.2d 809 (1995) (supplemental opinion granting rehearing on other grounds). In *Foster*, we stated circuit court had jurisdiction of that illegal-exaction lawsuit because the underlying matter dealt with the validity of a sales tax election, and such election matter is exclusively in circuit court.

When determining whether the circuit court here has jurisdiction of the underlying matter, Arkansas's landmark case of *Catlett* v. *Republican Party of Ark.*, 242 Ark. 283, 413 S.W.2d 651 (1967), is controlling. There, the *Catlett* court held the jurisdiction of a suit to question the validity of a proposed measure was in circuit court, and in so holding, said the following:

> [C]ourts of equity have no authority or jurisdiction to interpose for the protection of rights which are merely political, and where no civil or property right is involved. In all such cases, the remedy, if there is one, must be sought in a court of law. The extraordinary jurisdiction of courts of chancery can not, therefore, be invoked to protect the right of a citizen to vote or to be voted for at an election, or his right to be a candidate for or to be elected to any office. Nor can it be invoked for the purpose of restraining the holding of an election, or of directing or controlling the mode in which, or of determining the rules of law in pursuance of which, an election shall be held. These matters involve in themselves no property right but pertain solely to the political administration of government.

*See also Mertz* v. *States*, 318 Ark. 390, 885 S.W.2d 853 (1994) (court held jurisdiction in circuit court where legal validity of the initiative petition was at issue rather than a sufficiency issue); *Moorman* v. *Lynch*, 310 Ark. 525, 837 S.W.2d 886 (1992) (court

held a suit to question the legal validity of a proposed measure is in circuit court); *White* v. *Holmes,* 302 Ark. 545, 790 S.W.2d 902 (1990) (court held where issues involved procedures to be followed by candidates in an election, the matter was purely political and should have been heard by the circuit court, not chancery court); *McFerrin* v. *Knight, Clerk,* 265 Ark. 658, 580 S.W.2d 463 (1979) (court held chancery court had no jurisdiction with respect to election contests or the adjudication of political rights, and such jurisdiction cannot be conferred by statute); *City of North Little Rock* v. *Gorman, et al.,* 264 Ark. 150, 568 S.W.2d 481 (1978) (court held chancery court was without jurisdiction to entertain action which involved essentially political rights as distinguished from property rights; the vindication of one's political rights must be sought in a court of law, namely the circuit court); *see also* Ark. Code Ann. § 16-13-201(a) (Repl. 1994).[1]

This court looks to the pleadings to determine subject matter jurisdiction, *Villines* v. *Lee,* 321 Ark. 405, 902 S.W.2d 233 (1995), and in doing so, it is abundantly clear plaintiffs are seeking a vindication of their political rights, a declaration of the constitutional validity of Acts 1 and 2 of 1995 and an enjoinment of a called special election to be held on December 12, 1995. These matters clearly are issues to be tried in circuit court. In sum, in attacking Acts 1 and 2, plaintiffs specifically assert those Constitutional Convention Acts encroach upon the political power inherent in the people.

Because I am of the firm opinion, at this point, that the chancellor here had no jurisdiction to render the relief requested in this matter, I join in staying the order entered by the chancellor. The parties have been given time to brief the jurisdictional issue, but unless they present convincing legal authority placing this matter in equity, I believe this case should be reversed and dismissed.

---

[1]Section 16-13-201(a) reads as follows:
Circuit courts shall have original jurisdiction of all actions and proceedings for the enforcement of civil rights or redress of civil wrongs, except when exclusive jurisdiction is given to other courts. Where those actions and proceedings are not expressly provided for by statute, the actions and proceedings may be had and conducted by the circuit courts and judges, in accordance with the course, rules, and jurisdiction of the common law.

In conclusion, I would add that the dissenting opinion thoroughly ignores the applicable rule of law set forth in *Foster*, which places exclusive jurisdiction in circuit court where the underlying matters involve an election issue, as is the situation in the case now before us. In *Foster*, the plaintiff properly filed his case in circuit court — in the present case, plaintiffs improperly filed their case in chancery court contrary to this court's case law, placing exclusive jurisdiction in law court. This court is obliged to raise the jurisdiction issue, because plaintiffs here filed their action in chancery rather than circuit court. In short, this case is not one involving "propriety." Under case law, circuit court clearly has jurisdiction under the pleadings filed by plaintiffs here, and therefore, this court is obliged to raise and decide this jurisdiction issue rather than ignore it, as the dissenting opinion suggests. *Mertz* v. *States*, 318 Ark. 390, 885 S.W.2d 853.

DAVID NEWBERN, Justice, dissenting. The Chancellor determined that the emergency clause accompanying Act 1 was ineffective. She held, therefore, that the expenditures of funds as required by Act 1 would constitute an illegal exaction. A chancery court has jurisdiction of the subject matter of a public expenditure amounting to an illegal exaction as the public is the equitable owner of the funds to be expended. *Brewer* v. *Hawkins*, 241 Ark. 460, 408 S.W.2d 492 (1966). *See Martin* v. *Couey Chrysler Plymouth, Inc.*, 308 Ark. 325, 824 S.W.2d 832 (1992); *Pledger* v. *Featherlite Precast Corp.*, 308 Ark. 124, 823 S.W.2d 852, *cert. denied,* 506 U.S. 826, 113 S.Ct. 82, 121 L.Ed.2d 46 (1992).

In *Foster* v. *Jefferson County Quorum Court*, 321 Ark. 105, 901 S.W.2d 809 (1995), the original majority opinion noted *Jackson* v. *Munson*, 288 Ark. 57, 701 S.W.2d 378 (1986), and quoted language to the effect that "an illegal exaction complaint was not proper where exclusive jurisdiction of the underlying matter was conferred on the circuit court rather than the chancery court." The quotation was given in the context of stating that the jurisdictional question is "an issue we need not decide." The important and operative portion of the opinion stated:

> Circuit court has subject-matter jurisdiction of illegal exaction suits. *Jones* v. *Clark*, 278 Ark. 119, 644 S.W.2d 257 (1983). Chancery court also has subject-matter juris-

diction of illegal exaction suits. *Nelson* v. *Berry Petroleum Co.,* 242 Ark. 273, 413 S.W.2d 46 (1967). We have held that subject-matter jurisdiction is concurrent; therefore, the issue is one of propriety, not one of subject-matter jurisdiction, and unless the propriety of filing an illegal exaction suit is raised by the parties, we will not consider it. *Beshear* v. *Ripling,* 292 Ark. 79, 728 S.W.2d 170 (1987). The issue of propriety was not raised by the parties; thus, we do not consider it.

It is clear that there was no holding in that original opinion, the result of which was subsequently overturned on rehearing, even on the issue of "propriety," and certainly not on a question of subject matter jurisdiction. Nor did the opinion on rehearing in the *Foster* case deal with the jurisdiction question. The issue of the Chancellor's jurisdiction in the case now before us has not been raised by the parties, so if the original majority opinion in the *Foster* case has meaning for this motion, it is that we will not *sua sponte* consider the propriety of the Chancellor's acting in the matter because it has not been raised by the parties.

Whether the Chancellor had authority to enjoin an election, *per se,* need not be at issue here. In *Zaruba* v. *Phillips,* 320 Ark. 199, 895 S.W.2d 544 (1995), we said a chancellor had no authority to deal with the sufficiency of an election signature petition and thus could not get to the question of an illegal exaction. This case is different in that there was nothing to preclude the Chancellor from considering the validity of the emergency clause.

The Chancellor was asked to stay her order but denied the motion. A prerequisite to the stay of a preliminary injunction by a chancellor is a showing that there is a likelihood of success on the merits. *Smith* v. *American Trucking Ass'n,* 300 Ark. 594, 781 S.W.2d 3 (1993). We use the same standard when a motion for a stay of an injunction is presented to this Court. *Osborne* v. *Power,* 315 Ark. 336, 866 S.W.2d 412 (1993). The parties seeking the stay have not succeeded in demonstrating a likelihood of success on the merits, therefore, the stay of the injunction should be denied.

I respectfully dissent.

DUDLEY, J., joins in this dissent.