REGIONAL CARE FACILITIES, INC. d/b/a Regional Healthcare Center of Bentonville *v.* ROSE CARE, INC.

95-458                                    912 S.W.2d 409

Supreme Court of Arkansas
Opinion delivered December 18, 1995

768

*Hilburn, Calhoon, Harper, Pruniski & Calhoon, Ltd.*, by: *Sam Hilburn* and *Pamela A. Mosley*, for appellant.

*Matthews, Campbell, Rhoads, McClure & Thompson, P.A.*, by: *David R. Matthews*, for appellee.

*The Rose Law Firm, A Professional Association*, by: *Richard T. Donovan*, for Beverly Enterprises-Arkansas, Inc.

DAVID NEWBERN, Justice. The issue in this appeal is whether the Arkansas Health Services Agency failed to give proper notice to potential applicants for a permit of approval (POA) to construct a new nursing home in Benton County. The appellee, Rose Care, Inc., appealed from the granting of a permit to the appellant, Regional Care Facilities, Inc., by the Arkansas Health Services Commission. The Trial Court agreed with the contention of Rose Care, Inc., that the POA should not have been granted due to lack of notice. Regional has appealed from that decision. We agree that the Commission failed to follow its announced rules by not providing proper notice to potential POA applicants, thus the decision is affirmed.

The facts are not disputed. In February, 1992, the Agency published notice that a POA would be issued by the Commission for one 70-bed nursing home facility in Benton County. Four applications were submitted in response to the notice. Regional Care Facilities, Inc. (Regional), the appellant, filed two applications, one for a 70-bed unit in Rogers and one for a 70-bed facility in Bentonville. Rose Care applied to build a 70-bed facility in Bentonville. The other application was filed by Innisfree for a 70-bed nursing home in Rogers.

The Agency "in considering the need for only one facility" recommended to the Commission that the POA be awarded to

Innisfree. Included in the Agency recommendation, however, was the statement that the Commission "might consider approving a second facility." The Agency ultimately recommended that a second POA be granted to Regional for the construction of a 70-bed unit in Bentonville.

The Agency then notified the applicants of its recommendations and published notice of a Commission hearing on "Proposals for new 70-bed nursing homes." At the hearing, each applicant discussed its application. The Rose Care representative voiced concern over the possibility of the approval of a second POA. He expressed surprise at the suggestion of a second POA and referred to the lack of notice concerning the second POA.

The Commission followed the Agency recommendations and awarded one POA to Innisfree for a 70-bed facility in Rogers, and one to Regional for a 70-bed facility in Bentonville. Notice of the decision was sent to the applicants, and Regional and Rose Care appealed to the Commission seeking, in effect, reconsideration of the decision.

At the appeal hearing, Rose Care argued that the Agency did not give proper notice that a second POA would be considered prior to making its recommendations to the Commission. Rose Care also contended the Commission had violated its own rules when it granted the second POA.

Orson Berry, director of the Agency, testified he did not think the notice was mandatory if the Commission found certain extenuating circumstances. He agreed that, to his knowledge, no notice was given to Rose Care of the Agency's conclusion to suggest approval of a second POA. Mr. Berry also confirmed that the Commission's notice of the need the Agency had determined spoke in terms of one 70-bed facility.

The Commission denied the appeal, and Rose Care sought judicial review. Regional intervened, taking the position that the Commission's decision was not improper. Beverly Enterprises—Arkansas, Inc., intervened to object to the Commission's action. The Trial Court's ruling included the following:

> The Court does not rule on whether the Commission had authority to grant more than one [POA], but simply rules that they could not do so under the procedures which they

followed because they did not give adequate notice. The failure to give notice as required by their own rules and by the rights of due process deprived persons who are considered affected persons and who would be interested in whether or not new nursing home permits would be granted of the right to appear before the Commission and submit information and/or objections. For this reason, the Court will reverse the decision and remand it to the Commission to reopen the case and provide the adequate notice as is called for in their own rules and regulations to all affected persons concerning the granting of what has been called in the record the second permit of approval.

Regional contends that adequate notice was given to Rose Care because the Agency's recommendations were supplied prior to the initial Commission hearing and a notice was published seeking "Proposals for new 70-bed nursing homes." Rose Care and Beverly respond that the notice was inadequate because it came after the applications were submitted to the Agency and because the original notice contemplated only one new 70-bed facility.

This is not a typical appeal of an exercise of judgment by an administrative agency in which we conduct a limited review of the propriety of an agency's action to determine if it was arbitrary and capricious. *See, e.g., Arkansas Dep't of Human Servs. v. Kistler,* 320 Ark. 501, 898 S.W.2d 32 (1995); *Arkansas Bank & Trust Co. v. Douglass,* 318 Ark. 457, 885 S.W.2d 863 (1994). We are, rather, concerned with whether the Commission violated its own announced rules with respect to the decision in question by failure to give proper notice of the intention to recommend to the Commission that two, rather than one, nursing home POAs be granted.

Arkansas Code Annotated § 20-8-106(a) (Repl. 1991) requires that the Commission adopt standards for review of requests for new nursing home facilities on a county-by-county basis. In its regulations, the Commission requires that notice of a proposed review of applications for a POA be given. Although it is not specified, to have any meaning whatever the notice must spell out that for which applications may be submitted. The Agency did that in this case, but then, in effect, changed the notice after the applications had been reviewed by it and its recommendations prepared for the Commission.

■     The decision of an administrative agency may be reversed "if the substantial rights of the petitioner have been prejudiced because the administrative findings . . . are . . . made upon unlawful procedure . . . ." Ark. Code Ann. § 25-15-212(h)(3) (Repl. 1992). *See Wright* v. *Arkansas State Plant Board*, 311 Ark. 125, 842 S.W.2d 42 (1992). As stated in *Panhandle Eastern Pipe Line Co.* v. *F.E.R.C.*, 613 F.2d 1120 ( D.C. Cir. 1979), "It has become axiomatic that an agency is bound by its own regulations," citing *Service* v. *Dulles*, 354 U.S. 363 (1957). *See also Columbia Broadcasting Sys., Inc.* v. *United States*, 316 U.S. 407 (1942).

■     We do not agree with the testimony of the Agency director to the effect that the Agency was not bound by the notice it published to prospective POA applicants. The procedure was "unlawful" because the Agency failed to follow that which it had prescribed. The applicants were prejudiced because they were unprepared to address their prospects for supplying the need for 140 nursing home beds in Benton County as opposed to the 70 stated in the original notice. We agree with the Trial Court's decision to reverse the Commission and to remand the case so that the process may begin with the issuance of a proper notice.

Affirmed.

CORBIN, J., not participating.