ARKANSAS PROFESSIONAL BAIL BONDSMAN
LICENSING BOARD and Arkansas Professional Bail Bond Co. *v.*
Liz FRAWLEY and Razorback Bail Bonds, Inc.

02-266                                   88 S.W.3d 418

Supreme Court of Arkansas
Opinion delivered October 31, 2002

*Mark Pryor*, Att'y Gen., by: *Kim Evans*, Ass't Att'y Gen., for appellant.

*Wilson & Associates, P.L.L.C.*, by: *Lynne Ravelette* and *Christopher L. Palmer*, for appellees.

JIM HANNAH, Justice. This case presents an appeal from an interlocutory order of the Pulaski County Circuit Court granting appellees Liz Frawley and Razorback Bail Bonds, Inc. ("Razorback"), injunctive relief enjoining the appellant Arkansas Professional Bailbondsman Licensing Board ("Licensing Board") from conducting a hearing on August 17, 2001, regarding alleged violations of the Bailbondsman Licensing Law.

The Licensing Board argues that the circuit court was without jurisdiction to enjoin the Licensing Board from proceeding with a statutorily authorized administrative hearing because: (1) the Licensing Board acted within its authority; (2) Frawley and Razorback failed to exhaust their administrative remedies; (3) Amendment 80 of 2001 does not confer the power to enjoin administrative hearings to the circuit court; and (4) the bases for injunction were not established.

We hold that the circuit court was without jurisdiction to enjoin the Licensing Board from conducting the August 17, 2001, hearing. Accordingly, we reverse.

We have jurisdiction of this matter pursuant to Ark. Sup. Ct. R. 1-2(b)(6) (2002) and Ark. R. App. P.—Civ. 2(a)(6) (2002).

*Facts*

The Licensing Board ordered an investigation of Frawley and Razorback, which indicated that Frawley and Razorback may have been in violation of statutes, rules, and regulations governing bailbondsmen. As a result of the investigation, the Licensing Board's staff set a hearing for August 17, 2001, and sent a Notice of Hearing to Frawley and Razorback. The Licensing Board sent Frawley notice of the hearing by certified mail on August 13, 2001. Frawley testified that she received the mailed notice on August 16, 2001, one day before the scheduled hearing.

Frawley further testified that on August 7, 2001, after hearing rumors from her co-workers that the Licensing Board was investigating her for possible violations, she filed an FOIA request to obtain a copy of the file maintained by the Licensing Board. Additionally, within the FOIA request, Frawley requested a continuance so that she could obtain a copy of the file and prepare properly for the hearing. The request for a continuance was denied. On or about August 9, 2001, Frawley received the Licensing Board's file. The file included the Notice of Hearing, which listed the alleged violations of Frawley. The notice stated that if the allegations were true, then the Licensing Board would revoke Frawley's professional bailbondsmen license. The file indicated that nine witnesses would be called in support of the Licensing Board's allegations, and the file included approximately 150 pages of potential evidence and exhibits to be used against Frawley.

On or about August 13, 2001, Frawley again requested a continuance, alleging that it would be impossible for her to properly prepare the matter for hearing by August 17, 2001. The request for continuance was denied. On August 14, 2001, Frawley requested another continuance, specifically citing trial conflicts and stating that attorneys for Frawley could not be present. The request was denied.

On August 15, 2001, Frawley filed a complaint with the Pulaski County Circuit Court, First Division, requesting that the court issue an injunction to prevent the Licensing Board from proceeding with the August 17, 2001, hearing. The circuit court found that a temporary injunction should be granted until a hearing could be held. The Licensing Board requested a hearing on the matter, and on August 17, the circuit court held a hearing and enjoined the Licensing Board from holding its hearing on August 17, based upon a finding of insufficient notice provided to Frawley. In addition, the court directed the Licensing Board to reissue notice to Frawley concerning the hearing on Frawley's alleged violations.

*Authority of the Licensing Board*

Bail bondsmen and bail bond companies are required to conduct their bail bond businesses in conformity with the statutes governing the profession, Ark. Code Ann. § 17-19-101 *et seq.* (Repl. 2001), and the rules and regulations promulgated pursuant to Ark. Code Ann. § 17-19-106 (Repl. 2001), the Arkansas Professional Bail Bond Company and Professional Bail Bondsman Licensing Act. The Act provides that the Licensing Board has the authority to administer and enforce the provisions of Ark. Code Ann. § 17-19-101 *et seq.*, as well as the rules and regulations promulgated in Ark. Code Ann. § 17-19-106, in order to carry out its duty of licensing and regulating professional bail bondsmen and professional bail bond companies.

Frawley does not dispute that the Licensing Board has the authority to hold disciplinary hearings to determine whether licensees are in violation of Bailbondsman Licensing Law. Rather, Frawley argues that the Licensing Board acted upon unlawful procedure when it failed to give her ten days' notice of the hearing regarding allegations against her.

Arkansas Code Annotated section 17-19-209(e) (Repl. 2001) states, "Not less than ten (10) days in advance, the board shall give notice of the time and place of the hearing, stating the matters to be considered at the hearing." Ark. Code Ann. § 17-19-209(e) (Repl. 2001). Frawley argues that our holding in *Stueart v. Arkansas State Police Commission*, 329 Ark. 46, 945 S.W.2d 377 (1997), stands for the proposition that when an agency such as the Licensing Board fails to follow the rules that govern it, the agency's action is unlawful.

In *Stueart*, a police officer was terminated from the Arkansas State Police after he tested positive for marijuana use during a random drug screening pursuant to the Department's Drug Free Workplace Policy. *Stueart, supra.* The officer appealed his termination to the Arkansas State Police Commission, which upheld it. *Id.* The Pulaski County Circuit Court affirmed on appeal. *Id.* Stueart argued that certain required procedures set forth in the Drug Free Workplace Policy were omitted, prejudicing his substantial rights. *Id.* We agreed and held that because the Commis-

sion ignored its own rules in affirming Stueart's termination, its decision was based upon unlawful procedure, and accordingly, we found reversible error. *Id.*

We stated:

> [W]e are concerned with whether the Commission's decision is based upon unlawful procedure. *Regional Health Care Facilities, Inc., v. Rose Care*, 322 Ark. 767, 912 S.W.2d 409 (1995). We have held that a procedure is "unlawful" when an agency fails to follow that which it has prescribed. *Id.* . . . The decision of an administrative agency may be reversed "if the substantial rights of the petitioner have been prejudiced because the administrative findings . . . are . . . made upon unlawful procedure." *Rose Care*, 332 Ark. at 771, 912 S.W.2d at 411 (quoting Ark. Code Ann. § 25-15-212(h)(3)).

*Stueart, supra.*

Our reversal in *Stueart* was pursuant to Ark. Code Ann. § 25-15-212(h)(3) (Repl. 2002), and because that statute is inapplicable to the present case, *Stueart* is not controlling. Ark. Code Ann. § 25-15-212(h)(3) provides that when a court reviews the decision of an agency:

> (h) The court may affirm the decision of the agency or remand the case for further proceedings. It may reverse or modify the decision if the substantial rights of the petitioner have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:
>
> (3) Made upon unlawful procedure . . ."

Ark. Code Ann. § 25-15-212(h)(3) (Repl. 2002).

■ In *Stueart*, the petitioner sought judicial review subsequent to an agency hearing. In the present case, Frawley sought judicial review prior to an agency hearing. In the present case, there can be no judicial review pursuant to Ark. Code Ann. § 25-15-212(h)(3) because the circuit court enjoined the Licensing Board from conducting the hearing, thereby preventing the agency from making a decision regarding Frawley's request for a continuance. The Licensing Board was not without authority to

conduct the August 17, 2001, hearing regarding the alleged violations of Frawley.

*Failure to Exhaust Administrative Remedies*

■ The Licensing Board contends that the circuit court abused its discretion in granting the injunction to enjoin the Licensing Board from conducting the hearing when Frawley had not exhausted her administrative remedies. The doctrine of exhaustion of administrative remedies provides that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed statutory administrative remedy has been exhausted. *See Myers v. Bethlehem Shipbuilding Corp.*, 303 U.S. 41 (1938); *Cummings v. Big Mac Mobile Homes, Inc.*, 335 Ark. 216, 980 S.W.2d 550 (1998); *Delta School of Commerce, Inc. v. Harris*, 310 Ark. 611, 839 S.W.2d 203 (1992); *Dixie Downs, Inc., v. Arkansas Racing Comm'n*, 219 Ark. 356, 242 S.W.2d 132 (1951). A basic rule of administrative procedure requires that an agency be given the opportunity to address a question before a complainant resorts to the courts. *See Cummings, supra; Hankins v. McElroy*, 313 Ark. 394, 855 S.W.2d 310 (1993); *Rehab Hosp. Serv. Corp v. Delta-Hills Health Sys. Agency, Inc.*, 285 Ark. 397, 687 S.W.2d 840 (1985).

The prescribed statutory administrative remedy, Ark. Code Ann. § 25-15-212, provides, in pertinent part:

> (a) In cases of adjudication, any person . . . who considers himself or herself injured in his or her person, business, or property by final agency action shall be entitled to judicial review of the action . . . . Nothing in this section shall be construed to limit other means of review provided by law.

> (b)(1) Proceedings for review shall be instituted by filing a petition within thirty (30) days after service upon petitioner of the agency's final decision in:

> (A) The circuit court of any county in which the petitioner resides or does business; or

> (B) Pulaski County Circuit Court.

Ark. Code Ann. § 25-15-212 (Repl. 2002).

■ "Adjudication" is defined as an "agency process for the formulation of an order." Ark. Code Ann. § 25-15-202(1) (Repl. 2002). "Order" is defined as "the final disposition of any agency in any matter other than rule making, including licensing and rate making, in which the agency is required by law to make its determination after notice and hearing." Ark. Code Ann. § 25-15-202(5) (Repl. 2002). Where there has been no adjudication before the administrative agency, there has been no "final agency action" to be reviewed pursuant to Ark. Code Ann. § 25-15-212.

The Licensing Board also argues that Frawley should have appeared at the August 17 administrative hearing to request a continuance. The Licensing Board states:

> Appellees were given the opportunity to appear before Appellant on the scheduled date and present her argument that the notice was untimely. At that time, based on such an argument, Appellants could have renewed her request for a continuance directly to Appellant. Appellees were obviously available to do so because they were present at the lower court's hearing on the injunction at the same date and time as the hearing scheduled before Appellant. However, Appellees chose to completely bypass Appellant and go straight to court.

■ Generally, courts are without jurisdiction to enjoin agencies from performing the duties delegated to them by proper statute or authority. *See Toan v. Falbo*, 268 Ark. 337, 595 S.W.2d 936 (1980). In *Toan*, the court stated:

> [W]e have held a court of equity is without jurisdiction to issue an injunction preventing a board or commission from hearing a case where the board or commission has jurisdiction. *Eclectic State Medical Board v. Beatty*, 203 Ark. 294, 156 S.W.2d 246 (1941). We held that proper procedure was for persons affected to seek court review of the commissioner's ruling if the person felt the proceeding was arbitrary or otherwise illegal.

*Toan, supra.*

The Licensing Board had jurisdiction to conduct a hearing regarding Frawley's alleged violations. We understand that Frawley requested a continuance, on three separate occasions, prior to the August 17 hearing. Each request was denied. However, as the

Licensing Board points out, it was the Executive Director, a staff member of the Licensing Board, who denied each request for a continuance. The actions of the Executive Director do not constitute actions of the Licensing Board. Frawley's request for a continuance was never before the Licensing Board.

In the present case, the Licensing Board should have been given the opportunity to answer the question of whether Frawley should be granted a continuance. Then, if Frawley felt harmed by the proceeding, the proper procedure was for her to seek judicial review of the Licensing Board's action. The circuit court abused its discretion when it issued the injunction to enjoin the Licensing Board from conducting its hearing because Frawley failed to exhaust her administrative remedies.

*Amendment 80*

The circuit court found that, pursuant to Amendment 80, it had the jurisdiction to enjoin the Licensing Board from holding its August 17, 2001, hearing. The Licensing Board contends that Amendment 80 does not confer the power to enjoin administrative hearings to the circuit court. Section 19(B)(1) of Amendment 80 provides:

> The Jurisdiction conferred on Circuit Courts established by this Amendment includes all matters previously cognizable by Circuit, Probate and Juvenile Courts including those matters repealed by Section 22 of this Amendment [Ark. Const. Amend. 80, § 22]. The geographic circuits and subject matter divisions of these courts existing at the time this Amendment takes effect shall become circuits and divisions of the Circuit Court as herein established until changed pursuant to this Amendment. *Circuit Courts shall assume the jurisdiction of Circuit, Chancery, Probate and Juvenile Courts.*

Ark. Const. Amend. 80, § 19(B)(1) (emphasis added).

Prior to the enactment of Amendment 80, only chancery courts had the power to issue injunctive relief; circuit courts were without the power to grant injunctive relief. *See Arkansas State Game and Fish Commission v. Sledge,* 344 Ark. 505, 42 S.W.3d 427 (2001). The Licensing Board acknowledges that the jurisdiction

of chancery courts and circuit courts merged, pursuant to Amendment 80, but it argues that "where neither court before the amendment had the power to enjoin an administrative agency from conducting a hearing, the resulting circuit courts still do not have such power." The Licensing Board argues that prior to Amendment 80, both circuit courts and chancery courts lacked the power to enjoin boards and commissions from conducting hearings in which the board or commission had statutory jurisdiction.

■ The Licensing Board is correct. In the present case, a court of equity would have been without jurisdiction to enjoin the Licensing Board from conducting its hearing. Since Amendment 80 states that circuit courts *assume* the jurisdiction of chancery courts, circuit courts have only the jurisdiction that chancery courts had prior to the Amendment. Thus the trial court erred when it found that it had the jurisdiction to grant injunctive relief in the present case pursuant to Amendment 80.

*Bases for Injunction*

The Licensing Board argues that the bases for an injunction were not established because there was no threat of irreparable harm to Frawley and because any alleged procedural defect could be addressed once the Licensing Board's final decision issued. Because the circuit court did not have the authority to enjoin the Licensing Board from conducting its August 17, 2001, hearing, we need not determine whether Frawley was entitled to injunctive relief.

Reversed and dismissed.

THORNTON, J., not participating.