Mr. Paul V. Doane Executive Director Arkansas Teacher Retirement System 1400 West Third Street Little Rock, AR 72201
Dear Mr. Doane:
I am writing in response to your request for an opinion on the following question concerning the release of certain information from the Arkansas Teacher Retirement System ("ATRS"):
 ATRS would respectfully request your opinion as to whether the Board may properly withhold providing a list of eligible voters to a candidate for a trustee position, which would include names, home addresses, and the status of a member, (i.e., vested, active, retired, certified, non-certified, or administrator) in light of the FOIA ["Freedom of Information Act"] exception found at Arkansas Code § [24-4-1003][1] which states:
 Any and all records kept by an Arkansas public retirement system, whether required to be kept by law or board policy, shall be open to public inspection as provided in § 25-19-105, except that individual member's records which are kept for the purpose of *Page 2 compiling information for the member's retirement or social security records shall not be open to the public. [Emphasis yours.]
As background for this question, you note that with the exception of those serving ex-officio, the members of the ATRS Board of Trustees ("Board") are elected, pursuant to A.C.A. § 24-7-301, by the constituency whom they are to represent. Id. at (2) — (4). You further note that a Board regulation provides, in connection with such elections, that "[o]ne (1) printed list and mailing labels of eligible voters and their addresses will be furnished to each candidate upon request." ATRS Policy Manual 4-2-2 (May 10, 2000).http://www.atrs.gov/Policy%20Manual%202006/Policy_manual.htm. You explain that this list is provided to the candidate for his or her use in distributing campaign materials or other correspondence to be shared with the voters. You report that the Board has proposed to repeal this section in light of privacy concerns as well as the expense to ATRS in printing the labels.
RESPONSE
I must initially note that I am somewhat uncertain as to the exact focus of your question. You have stated that the Board has proposed to repeal the regulation that provides candidates access to a list of voters. I thus assume that the regulation is currently in place. You seem to be questioning whether the Board may nevertheless withhold the list, in light of A.C.A. § 24-4-1003, and perhaps general privacy concerns. If that is your question — whether the Board may properly withhold a list of eligible voters from a candidate for a trustee position notwithstanding the regulation — I believe the answer is "no." The Board is bound by the regulation, in my opinion.
While it is not entirely clear, I also note the possibility that your question instead anticipates the regulation's repeal and asks whether in the absence of the regulation the Board may, or perhaps must, withhold a list of eligible voters from a candidate. In my opinion, the Board would not be required to withhold the list in that event, but it could do so because there would be nothing to require that the list be furnished to a candidate. *Page 3 
Some explanation concerning the ATRS Board membership is necessary before expanding upon the above responses. Of the fifteen-member Board, seven are active member trustees who are elected by active members and three are retirant trustees who are elected by retirees of ATRS. A.C.A. § 24-7-301(2) and (4) (Repl. 2000). Of the seven member trustees, four must be elected by members who are employed in positions that require state licensure, but not administrator certification; two must be elected by members employed in positions requiring an administrator's certificate; and one is elected by members employed in positions not requiring state certification. Id. at (2). Another trustee, who may be either an active or retired member, must belong to a minority racial ethnic group; and that member is elected by the active and retired membership. Id. at (3). The four ex-officio trustees are the Bank Commissioner, the State Treasurer, the State Auditor, and the Director of the Department of Education. Id. at (1).
As you have noted, therefore, with the exception of the ex-officio members, the members of the ATRS Board are elected by the constituency whom they are to represent. Regarding the "list of eligible voters," I assume this list is derived from individual members' records, hence your concern with respect to A.C.A. § 24-4-1003, which states that member records "shall not be open to the public."
In my opinion, a candidate for a trustee position is not included within subsection 24-4-1003's nondisclosure provision when he or she seeks a list of those eligible to vote for the position. This statute is concerned with the "public inspection" of ATRS records. As explained above, the ATRS Board is comprised of members who represent particular groups; and these member trustees are selected through elections.See A.C.A. § 24-7-301. The release of member records to candidates in such Board elections, considered in light of this election process, is not tantamount to opening such records to "the public," in my opinion.Cf. Op. Att'y Gen. 91-067 (opining that the identical nondisclosure provision in the former A.C.A. § 24-3-213, see n. 1, supra, does not prevent ATRS from making its members' computer data base available to participating employers for ready access to information necessary to enroll new employees.)
It therefore follows that the Board regulation is not contrary to A.C.A. § 24-4-1003, given the inapplicability of this nondisclosure provision to Board candidates' in accessing eligible voter lists. The regulation seems consistent, moreover, with the statute governing the Board's composition, in that it appears reasonable to afford *Page 4 
candidates access to a listing of their constituency. The Board clearly has the authority to enact rules and regulations governing Board elections. A.C.A. § 24-7-301(5). Furthermore, it is axiomatic that the Board must follow its own regulations. The Arkansas Supreme Court has consistently held that administrative agencies are bound by the rules they have prescribed. See Stueart v. Arkansas State PoliceCommission, 329 Ark. 46, 945 S.W.2d 377 (1997); Regional Health CareFacilities, Inc. v. Rose Care, 322 Ark. 767, 912 S.W.2d 409 (1995) (quoting Panhandle Eastern Pipeline Co. v. F.E.R.C., 613 F.2d 1120 (D.C. Cir. 1979)).
Having found no basis in A.C.A. § 24-4-1003, or any other law, for departing from the regulation, I conclude that the Board may not properly withhold a list of eligible voters from a candidate in light of the regulation. If you are questioning whether such a list may be properly withheld in the absence of the regulation, I believe the answer to this question is "yes." A candidate for a trustee position arguably is in a unique position in light of the Board composition prescribed by A.C.A. § 24-7-301, and the elections held thereunder. But in the absence of the regulation, there would be no clear basis for claiming a right of access to a list of eligible voters. A candidate could not claim access under the FOIA because the FOIA does not afford access to public records by virtue of one's position or status. See Op. Att'y Gen. 89-330. And A.C.A. § 24-4-1003 would prevent access as a member of "the public."
It thus appears that the Board could withhold a list of voters from candidates if the regulation were repealed. I should note, however, that in my opinion the Board would not be mandated to do so. As stated above, I do not interpret A.C.A. § 24-4-1003 as a bar against a candidate's access to a listing of the name, address, and status of those who are eligible to vote for the position he or she seeks. Nor have I found any other law that would dictate the nondisclosure of such a list to Board candidates. Regarding privacy concerns, there is no general privacy protection under the Arkansas Code. It might be contended that the listed information is protected under the constitutional right to privacy. See generally McCambridge v. City of Little Rock, 298 Ark. 219,766 S.W.2d 909 (1989). But I doubt this information rises to the level of constitutional protection. *Page 5 
Accordingly, if your inquiry is focused on whether the Board may properly withhold a list of eligible voters from a candidate in the absence of the regulation, the answer is "yes," although this is not mandated by law, in my opinion.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
[1] Please note that the statute you cited, A.C.A. § 24-3-213, was repealed — along with the entire former chapter 3 of Title 24 — byAct 151 of 2001, and reenacted under the 2001 legislation as A.C.A. §24-4-1003. See Acts 2001, No. 151, §§ 9 (repealer) and 53. *Page 1