2009 Ark. 153

**ARKANSAS STATE UNIVERSITY,**
Appellant,

v.

**PROFESSIONAL CREDIT
MANAGEMENT, INC.,**
Appellee.

No. 08–672.

Supreme Court of Arkansas.

March 19, 2009.

Womack, Landis, Phelps & McNeill, P.A., by: Serena Thompson Green, Jonesboro, for appellant.

Marshall & Owens, a Professional Association, by: R. Bryant Marshall and Ronald S. Burnett, Jonesboro, for appellee.

DONALD L. CORBIN, Justice.

Appellant Arkansas State University appeals the March 26, 2008 order of the Craighead County Circuit Court denying its motion to set aside a district court order directing Appellant to pay as garnishee nonexempt wages of Judith Pfriemer to Appellee Professional Credit Management, Inc. For reversal, Appellant argues that the garnishment cannot attach to Pfriemer's wages because they are already subject to a previous garnishment to the maximum extent allowed by the Consumer Credit Protection Act, 15 U.S.C. § 1673 (2006). Appellant argues further that the order for payment places an undue burden on Appellant and other employers to monitor and manage multi-

ple garnishments. This appeal presents an issue of first impression requiring our interpretation of garnishment statutes; therefore, our appellate jurisdiction is pursuant to Arkansas Supreme Court Rule 1–2(b)(1) and (6). However, we are precluded from reaching the merits of Appellant's arguments because the appeal from district court to circuit court was untimely, therefore depriving the |₂circuit court and ultimately this court of subject-matter jurisdiction. Accordingly, we must dismiss this appeal for lack of subject-matter jurisdiction.

The appeal from district court to circuit court was untimely because the district court record was not filed in the circuit court within thirty days of the district court's judgment as required by Rule 9 of the Arkansas District Court Rules.[1] Rule 9 states that all appeals in civil cases from district court to circuit court must be filed with the clerk of the circuit court within thirty days from the date of the entry of the judgment, and that an appeal from a district court to the circuit court shall be taken by filing a record of the proceedings had in the district court, with no notice of appeal being required. In this case, the district court entered a written order styled "Order for Payment" on May 3, 2007. Thirty days from entry of that decision would have been June 2, 2007. The district court record was not filed with the circuit court until October 3, 2007. The appeal from district court to circuit court was therefore untimely.

When the time for filing an appeal is fixed by rule or statute, the time limit is jurisdictional in nature. *Ottens v. State*, 316 Ark. 1, 871 S.W.2d 329 (1994).[2] The thirty-day requirement for filing an appeal under Rule 9 is mandatory and jurisdictional, and |₃the circuit court has no authority to accept untimely appeals. *State v. Dawson*, 343 Ark. 683, 38 S.W.3d 319 (2001). If the filing of the appeal is untimely, then the district court judgment becomes final and the circuit court never gains jurisdiction; if the circuit court lacks jurisdiction, then the appellate court also lacks jurisdiction. *Clark v. State*, 362 Ark. 545, 210 S.W.3d 59 (2005). Because jurisdiction is the power or authority of a court to hear a case on its merits, lack of subject-matter jurisdiction is an issue that the parties may raise for the first time on appeal and that this court is obligated to raise on its own even when the parties do not. *Id.; Dawson*, 343 Ark. 683, 38 S.W.3d 319.

We have considered the possibility, and indeed both counsel for Appellant and for Appellee intimated as much during oral argument, that since neither party raised the issue of the timeliness of the appeal, they were perhaps operating under the mistaken assumption that the rules governing posttrial motions and their effect on the deadlines for filing appeals were the same for appeals from district court as they are for appeals from circuit court. To the contrary, the rules governing ap-

---

1. The Arkansas District Court Rules revised and renamed the former Arkansas Inferior Court Rules (sometimes cited as "AICR") effective January 1, 2005, in order to comply with Amendment 80 to the Arkansas Constitution. Rule 9 of the District Court Rules was recently amended by this court effective January 1, 2009. *In re: Arkansas District Court Rules*, 374 Ark. App'x —— (Oct. 9, 2008). While the outcome would be the same under either version of Rule 9, because the attempt to appeal this case from district court occurred in 2007, the version of Rule 9 applicable to this case is the former version.

2. This court stated in *Ottens* that Rule 9 is applicable in criminal cases as well as civil cases. Accordingly, much of our case law applying Rule 9 occurs in the context of criminal cases but is equally applicable to civil cases.

peals from district court to circuit court are in marked contrast to the rules governing appeals from circuit court to this court and the court of appeals. When appealing from circuit court to this court or the court of appeals, Rule 4 of the Arkansas Rules of Appellate Procedure—Civil provides that the deadline for filing an appeal may be extended depending on the particular posttrial motion that is filed, but there is certainly no such extension of time when filing appeals from district court to circuit court. District Court Rule 9(a) expressly states that the thirty-day period for filing appeals to ₄circuit court "is not extended by a motion for judgment notwithstanding the verdict, a motion for new trial, a motion to amend the court's findings of fact or to make additional findings, or any other motion to vacate, alter or amend the judgment."

Appellant's motion to set aside the district court's order for payment certainly falls within Rule 9's category of "any other motion to vacate, alter or amend the judgment." Therefore, Appellant's post-judgment motion did not extend the deadline for filing an appeal according to the express terms of Rule 9. The appeal from district court to circuit court was therefore untimely, and the circuit court was without jurisdiction to accept the appeal. We are likewise without jurisdiction to hear this appeal, and we therefore dismiss it for lack of subject-matter jurisdiction.

Appeal dismissed.