2010 Ark. 243

James R. BABER, M.D., J.D., Appellant,

v.

ARKANSAS STATE MEDICAL BOARD; Trent M. Pierce, M.D., Chairman; Joseph M. Beck, M.D., Vice Chairman; Bob Cogburn, M.D., Secretary; Mrs. Anne Britton, Treasurer; Omar Atiq, M.D.; Harrold B. Betton, M.D.; Jim Citty, M.D.; William F. Dudding, J.D.; Mr. Roger Harmon, P.D.; Patty Pettaway, D.O.; Douglas F. Smart, M.D.; and John B. Weiss, M.D., in their official and individual capacities, Appellees.

No. 09–1355.

Supreme Court of Arkansas.

May 20, 2010.

Mark Alan Peoples, PLC, by: Mark Alan Peoples, Little Rock, for appellant.

Hope, Trice & O'Dwyer PA, by: William H. Trice, III, Little Rock, for appellees.

ELANA CUNNINGHAM WILLS, Justice.

James R. Baber, M.D., brings this appeal from an order entered by the Washington County Circuit Court dismissing his complaint alleging that the "actions and/or inactions" of the Arkansas State Medical Board (Board) violated his constitutionally protected property rights. In his complaint—brought under Ark.Code Ann. § 25–15–212 (Repl.2002), a provision of the Administrative Procedures Act (APA)—Dr. Baber sought an order reinstating his medical license with restrictions as well as an order directing that "any future Board hearings wherein his private, personal, medical information may be discussed be closed to the public." The circuit court found that the Board never ruled on Dr. Baber's request for a closed disciplinary hearing or his request for a restricted license and dismissed his administrative appeal. Dr. Baber brings two points on appeal, arguing that the circuit court erred in (1) finding that he did not suffer a constructive revocation of his medical license; and (2) refusing to order the Board to accept his request for a restricted license. Because the circuit court was without jurisdiction to consider Dr. Baber's appeal, this court likewise is without jurisdiction and we dismiss the appeal.

The record shows that Dr. Baber notified the Board that he failed a court-ordered drug test in a letter dated April 25,

2008. In his letter, Dr. Baber requested that the Board limit any sanction to a restriction of his license to "administrative tasks only" in the course of his medical-review business. Dr. Baber stated that he had contacted Dr. Brad Diner of the Physician's Health Committee, who requested that Dr. Baber undergo an evaluation, but that he was financially unable to complete the evaluation program.[1] Dr. Baber also stated that he had "discontinued any and all drug use on February 5, 2008," and he was being drug tested by the court. The Board's attorney mailed a letter to Dr. Baber dated June 13, 2008, informing him that an emergency order was being drafted to suspend his license pending a disciplinary hearing. Noting that the outcome of the disciplinary hearing could result in revocation or suspension of his license or other sanction, the Board offered Dr. Baber the opportunity to accept a consent order to resolve the matter. The terms of the consent order provided for Dr. Baber to enter into a five-year monitoring and rehabilitation contract with the Arkansas Medical Foundation in return for the dismissal of the disciplinary action.

Dr. Baber responded to the Board's offer of a consent order on June 20, 2008, submitting a counteroffer essentially agreeing to the Board's terms, with the exception that he would not be required to enter a five-year monitoring and rehabilitation contract with the Arkansas Medical Foundation immediately, but instead "[w]ithin the next 12 months."

The Board served Dr. Baber's attorney with an "Order and Notice of Hearing" on September 18, 2008, charging Dr. Baber with alleged violations of the Medical Practices Act, Ark.Code Ann. § 17–95–409(a)(2)(h), by "habitual and intemperate and excessive use of narcotics or other habit forming drug," based in part on Dr. Baber's admission to the Board that he failed a court-ordered drug test. The Board scheduled a disciplinary hearing for December 5, 2008, to determine if Dr. Baber's license should be revoked, suspended, or some other sanction imposed. At Dr. Baber's request, the Board later rescheduled the disciplinary hearing for April 2, 2009.

On March 16, 2009, Dr. Baber mailed and faxed a request for a restricted license and a request for a closed disciplinary hearing to the Board's attorney; he sent another letter and fax asking about the status of those requests on March 26, 2009. In response, the Board's attorney sent a letter dated March 27, 2009, stating that the request for a closed hearing "at this point will be denied" and that Dr. Baber could present his request for a voluntary restriction on his license to the Board for a vote at the upcoming hearing. Nevertheless, on March 30, 2009, Dr. Baber again forwarded requests to the Board's attorney asking for a closed hearing and approval of his attached "Proposal for Consent Order," asking for a decision before the hearing. The Board's attorney responded that same day by letter, stating "[y]ou may present your motions to the Board, prior to the disciplinary hearing, and then they [will] rule on them." Additionally, the Board's attorney stated that "[a]gain, I would stress I doubt that they would vote for you to have a closed hearing."

On April 1, 2009, the day before the disciplinary hearing, an attorney identifying himself as Dr. Baber's "co-counsel"

1. The Physician's Health Committee is a component of the Arkansas Medical Foundation that provides assistance to impaired medical professionals and facilitates treatment and evaluation programs. Arkansas Medical Foundation, Physician's Health Committee, http://www.arkmedfoundation.org/PHC.htm (last visited May 17, 2010).

faxed a letter to the Board's attorney stating that "[b]ecause Dr. Baber's request for a closed hearing has been denied and he refuses to discuss his privileged information in public, we will not be in attendance at tomorrow's hearing." Then, on the morning of the April 2, 2009 hearing, Dr. Baber sent a letter and fax to the Board stating as follows: "Because the Board has refused my request for a closed hearing and my request for a voluntary restriction on my license, I have no choice but to surrender it effective immediately. There will be no need for an open hearing today."

Dr. Baber filed a complaint against the Board and its members in their official and individual capacities in the Washington County Circuit Court on April 20, 2009, contending that his "constitutionally protected property rights have been violated by the actions and/or inactions of the Board." Asserting that the Board denied his request for a closed hearing "by letter on March 27, 2009," and that his request for a restricted license was "deemed denied" by the Board's refusal to rule on it, Dr. Baber requested that the circuit court order the Board to (1) immediately reinstate his medical license "subject to the restriction that he only be allowed to act as a medical review officer for processing drug tests" for his company; and (2) close to the public any future hearings "wherein his private, personal medical information may be discussed." Dr. Baber averred in his complaint that the circuit court held jurisdiction over the matter under the APA as codified at Ark.Code Ann. §§ 25–15–212 and –214.

The Board filed a "Memorandum Brief" on July 14, 2009, arguing that the circuit court should dismiss the complaint because "[t]here is not an Order of the Board at the present time for Dr. Baber to appeal from, and thus there is no Order of the Board for [the circuit court] to affirm or reverse." At the conclusion of a hearing held on August 21, 2009, the circuit court dismissed the administrative appeal, stating that there was a lack of jurisdiction because the Board took no action on Dr. Baber's request for a closed hearing and because he voluntarily surrendered his license prior to his disciplinary hearing. In its order filed on August 27, 2009, the circuit court again stated that there was nothing Dr. Baber could appeal from or that the court could review because the Board "did not rule on either of [Dr. Baber's] motions." This appeal followed.

Dr. Baber brings two points on appeal, arguing that the circuit court erred in finding that he "did not suffer constructive revocation of his medical license," and in refusing to order the Board to accept his request for a restricted license. The Board counters that the circuit court correctly determined that Dr. Baber surrendered his license before the Board could rule on his requests and that there was no final agency action to review.

Judicial review of a decision by the Board is governed by § 25–15–212 of the APA. *Collie v. Arkansas State Medical Board*, 370 Ark. 180, 258 S.W.3d 367 (2007). The appellate court review is directed to the decision of the agency rather than the circuit court's, because administrative agencies are better equipped by specialization, insight through experience, and more flexible procedures than courts, to determine and analyze legal issues affecting their agencies. *Id.* Appellate review of an agency decision is limited in scope; we uphold the decision if it is supported by substantial evidence and is not arbitrary, capricious, or characterized by an abuse of discretion. *Id.*

Section 25–12–212(a) and (b) of the APA provides that

(a) In cases of *adjudication,* any person, except an inmate under sentence to the

custody of the Department of Correction, who considers himself or herself injured in his or her person, business, or property by *final agency action* shall be entitled to judicial review of the action under this subchapter. Nothing in this section shall be construed to limit other means of review provided by law.

(b)(1) Proceedings for review shall be instituted by filing a petition within thirty (30) days after service upon petitioner of the agency's *final decision* in:

(A) The circuit court of any county in which the petitioner resides or does business; or

(B) Pulaski County Circuit Court.

(Emphasis added.) In *Arkansas Professional Bail Bondsman Licensing Board v. Frawley*, 350 Ark. 444, 450–51, 88 S.W.3d 418, 422 (2002), this court stated that

"Adjudication" is defined as an "agency process for the formulation of an order." Ark.Code Ann. § 25–15–202(1) (Repl. 2002). "Order" is defined as "the final disposition of any agency in any matter other than rule making, including licensing and rate ⌊7making, in which the agency is required by law to make its determination after notice and hearing." Ark.Code Ann. § 25–15–202(5) (Repl. 2002). *Where there has been no adjudication before the administrative agency, there has been no "final agency action" to be reviewed pursuant to Ark.Code Ann. § 25–15–212.*

(Emphasis added.)

Here, there was no final agency action necessary for purposes of judicial review under § 25–15–212 because Dr. Baber voluntarily surrendered his medical license before the Board could render a decision on his requests for a closed hearing and voluntary restriction of his license. In his complaint before the circuit court, Dr. Baber attempted to appeal from the March 27, 2009 letter in which the Board's attorney stated that the request for a closed hearing "at this point will be denied." The actions of the Board's attorney do not constitute an action of the Board itself. *See Frawley, supra*, 350 Ark. at 451–52, 88 S.W.3d at 423 (denial of the appellee's requests for a continuance of the disciplinary hearing by the Licensing Board's Executive Director did "not constitute actions of the Licensing Board"; therefore, the "request for a continuance was never before the Licensing Board"). He also attempted to appeal from the refusal of the Board to rule or the Board's "inaction" on his request for a restricted license, stating that by "forcing surrender" of his license the request was "deemed denied." Because Dr. Baber surrendered his license before the Board could address this request at the disciplinary hearing, this request was likewise never before the Board for consideration or vote as a final agency action.

Accordingly, we must dismiss this appeal. The circuit court correctly found that it lacked jurisdiction under the APA where there was no final agency action; this court likewise ⌊8lacks jurisdiction of the appeal. *See Arkansas State Univ. v. Prof'l Credit Mgmt.*, 2009 Ark. 153, 299 S.W.3d 535 (noting that "if the circuit court lacks jurisdiction, then the appellate court also lacks jurisdiction").

Appeal dismissed.