BRANDON J. HARRISON, Judge, dissenting. | «The majority has decided an issue of first impression in the termination-of-parental-rights context — with only a no-merit brief in hand and after concluding that the issue was not preserved for its review in the first place. Broadly stated, the novel issue decided today is that, for the purpose of establishing aggravated circumstances under Ark.Code Ann. § 9-27-341(b)(3)(B)(ix)(a )(3)(B)(i), prior DHS cases opened on a family, both of which resulted in reunification, can be used adversely against the parents in a subsequent and separate termination-of-parental-rights case. This question involves not only whether enough proof existed to find that aggravated circumstances existed, but equally important for future cases, what sort of proof a court may consider in the first instance under section 9-27-341(b)(3)(B)(ix)(a. )(S )(B )(i). I respectfully dissent from the majority opinion because I would deny the motion to withdraw (at least in part) and call for a merit brief before deciding that sweeping issue. Recall that the circuit court found that two statutory grounds supported the termination: (1) S.R. had been out of the home for over twelve months, and the conditions causing removal had not been remedied by the parents, despite meaningful effort by DHS to rehabilitate them; and (2) aggravated circumstances existed because the parents could not permanently correct the conditions that caused three removals over a span of seven years — and there would be little likelihood that additional services to the family would result in successful reunification. I address the second ground. The majority holds that the issue of “past cases providing evidence of the aggravated circumstances ground” was not preserved for our review because neither |3parent raised a timely, specific objection to the circuit court considering such evidence for purposes of applying the aggravated-circumstances statute. Whether the issue was properly preserved for our review was, it seems to me, for parents’ counsel to make and explain in the no-merit brief. In fact, contrary to the majority’s conclusion, counsel thought the case-history/aggravated-circumstances point was preserved for our review because she argued that aggravated circumstances existed and used the past history to make one no-merit argument point. Here is some more of the procedural story. The parents moved to dismiss DHS’s petition for lack of clear-and-convincing evidence in the pleadings, before the court received testimony during the termination hearing, and when all the evidence had been presented. The parents’ motions to dismiss argued that DHS “could have opened up the same case” but it did not; and now “[w]e have a different case number so it’s a brand new set of circumstances” and in the new case DHS did not offer any services to the parents. Counsel’s no-merit brief abstracted and discussed one of the motions to dismiss. During the termination hearing the court ruled several times that neither DHS nor the parents could talk about the services that DHS offered the parents in the past. For example, the court stated: “I’m going to let you talk about the time out of custody or in the Department’s custody, but not anything else to do with those other cases. I don’t think they’re applicable ... I don’t think you can stack those facts ... I’m not going to let you talk about what happened in the other cases except the time.” The court also sustained the father’s objection and prevented the DHS caseworker from testifying about the family’s history and the services DHS had offered in the past. Yet in its termination I inorder, the court specifically relied on services that DHS had offered the parents in the prior cases as evidence of why reunification services in this case were unlikely to succeed, a finding that supported the aggravated-circumstances ground for termination. The circuit court was well attuned to DHS’s attempt to use past, separate case histories to establish aggravated circumstances in this case. And it ruled on the issue, albeit inconsistently at different points in the case. In her no-merit brief counsel cited some cases for the proposition that “it was proper for the court to rely on the services [DHS] offered in the previous cases to find that further services- in the current case would not likely result in reunification.” But the cited law was either not citable under Ark. Sup.Ct. R. 5-2(c) (2014) or wholly distinguishable from this case. The majority cited Hopkins v. Arkansas Department of Human Services, 79 Ark.App. 1, 88 S.W.3d 418 (2002) to support its aggravated-circumstances holding, but that case is not like this one, factually or procedurally. So a no-merit argument was made by counsel and accepted by this court although no applicable, citable authority has been provided to closely support the majority’s holding that affects aggravated-circumstances law. This is my primary concern about this case. In my view, a nonfrivolous argument exists that the circuit court erred as a matter of proof or law (or both) in using the past closed cases, which involved different fact patterns and resulted in reunification each time, to reach the aggravated-circumstances finding in this case. The argument is arguably best made for the mother because she was the nonoffending parent in this case, lacked legal custody of the child when he was removed from the father’s care, and received no services for the seven months between | nthe time this case was opened and the court’s termination decision was entered. This is not to say or suggest that the circuit court committed a reversible error. That is a merit point. I am simply stating that the no-merit process was not a good fit here. This case’s merits are weak as far as the parents are concerned. But that is not unusual in termination cases; families have regrettably reached the end, or near the end, of the legal line in these cases. In any event, we have previously ordered that a no-merit appeal be briefed as a merit appeal. See Baker v. Ark. Dep’t of Human Servs., 2011 Ark. App. 69, 2011 WL 386974 (Baker I). The Baker reference leads to a related point that deserves mentioning now: just how should we be deciding when a no-merit appeal is proper? The majority’s opinion invoked the standard “frivolous” as it decided to accept the no-merit brief and grant counsel’s motion to withdraw. But it’s not crystal clear what the no-merit standard is. Our supreme court’s Linker-Flores decision uses the term “wholly frivolous[.]” Not long ago, this court tied the no-merit standard to Arkansas Rule of Professional Conduct 3.1. Baker v. Ark. Dep’t of Human Servs., 2011 Ark. App. 400, 2011 WL 2140380 {Baker II). The majority’s silence on this arguable discrepancy leaves the matter open. Finally, to a charge that this court would put process above a child’s well-being if it called for a merit brief, or that I have elevated a procedural molehill into a mountain, I invoke Justice Felix Frankfurter’s admonition that “the fair, orderly, and deliberative method by which claims are litigated” is not just “folderol or noxious moss” but instead “goes to the very substance of law.” Cook v. Cook, 342 U.S. 126, 133, 72 S.Ct. 157, 96 L.Ed. 146 (1951) (Frankfurter, J., dissenting).