Cite as 2022 Ark. App. 443

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CV-21-444

| | | |
|---|---|---|
| KATHRYN SUE EVANS | | Opinion Delivered November 2, 2022 |
| | APPELLANT | |
| V. | | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, ELEVENTH DIVISION [NO. 60CV-19-6603] |
| LITTLE ROCK SCHOOL DISTRICT | | HONORABLE CASEY R. TUCKER, JUDGE |
| | APPELLEE | |
| | | AFFIRMED |

**MIKE MURPHY, Judge**

This case concerns appellant Kathryn Evans's termination from the Little Rock School District (LRSD). On appeal, Evans argues that the court erred in dismissing her claim under the Arkansas Teacher Fair Dismissal Act (ATFDA) because her claim was timely. We affirm.

Evans was employed with the LRSD since August 1990. She had a written contract with the LRSD for the 2019–2020 school year. On or about August 6, 2019, Evans was informed that she was being terminated for job abandonment. Evans sent a letter to Johnny Key, who at the time was exercising the authority of the board of directors for LRSD and Mike Poore, the superintendent, appealing the recommendation that she be terminated and

requested a hearing under the "grievance policy." On August 12, Jordan Eason responded on behalf of the LRSD stating that Evans was not entitled to an appeal process because the termination was for job abandonment. On September 11, Evans filed a complaint in the Pulaski County Circuit Court alleging violations of the ATFDA, due process, and equal protection.

On December 12, the LRSD offered Evans a hearing by the LRSD Community Advisory Board. On December 17, Key approved the Board's recommendation to terminate Evans's contract.

On February 23, 2021, about fourteen months later, Evans filed an amended complaint alleging a breach of contract in violation of both the ATFDA and her teacher's contract apart from the ATFDA and dropped the due-process and equal-protection claims. In response, the LRSD filed a motion to dismiss and an incorporated brief in support. The LRSD argued that Evans's ATFDA claim was untimely because the amended complaint was filed more than seventy-five days after she had received written notice of her termination as required by Arkansas Code Annotated section 6-17-1510(d)(1) (Repl. 2021). The LRSD also contended that Evans's separate breach-of-contract claim failed as a matter of law because there is no common-law cause of action for breach of contract when the ATFDA applies.

Evans responded that her claim under the ATFDA was timely. She contended that her original complaint was filed within seventy-five days of the August 6, 2019 termination and that there was no requirement to file another notice of appeal or amend the complaint within a seventy-five-day period from the December 17 termination.

On June 15, the court entered an order granting the LRSD's motion to dismiss, finding that the ATFDA requires that an appeal of the decision to terminate should have been filed within seventy-five days of the decision. It found that Evans filed her original complaint on September 11, 2019, approximately three months prior to the decision to terminate her. Because she filed her amended complaint on February 23, 2021—well outside the seventy-five-day window—it was untimely. Additionally, the court found that Evans could not state a claim for breach of contract because the ATFDA is the exclusive contractual remedy for nonprobationary teachers in Arkansas. Evans appealed.

The standard of review for the granting of a motion to dismiss is whether the circuit court abused its discretion, and we consider questions of law de novo. *Brown v. Towell*, 2021 Ark. 60, 619 S.W.3d 17.

Arkansas Code Annotated section 6-17-1510 provides in pertinent part,

(b)(1) Any licensed teacher who has been employed continuously by the school district three (3) or more years or who may have achieved nonprobationary status pursuant to § 6-17-1502 may be terminated or the board of directors may refuse to renew the contract of the teacher only when there is a reduction in force created by districtwide reduction in licensed personnel, for incompetent performance, conduct which materially interferes with the continued performance of the teacher's duties, repeated or material neglect of duty, or other just and reasonable cause.

. . . .

(d)(1) The exclusive remedy for any nonprobationary teacher aggrieved by the decision made by the board of directors shall be an appeal therefrom to the circuit court of the county in which the school district is located, within seventy-five (75) days of the date of written notice of the action of the board of directors.

Evans had been employed with the LRSD since 1990, qualifying her as a nonprobationary teacher. Key approved the recommendation to terminate her contract, and Evans received written notice on December 17, 2019. Pursuant to Arkansas Code Annotated section 6-17-1510(d)(1), Evans had until March 1, 2020, to appeal the decision to the circuit court. She did not take action on the decision until February 23, 2021, well past the seventy-five-day window. Accordingly, the court did not err in dismissing Evans's claim for untimeliness.

Evans contends that she made a timely filing of her ATFDA claim by virtue of her original complaint filed on September 11, 2019. She claims she filed her original complaint in response to the LRSD's denial of her initial request for a hearing pursuant to the ATFDA. The complaint alleged that she was denied a hearing in violation of the ATFDA's procedural requirement and that she was terminated without "just, proper, or reasonable cause." Evans analogizes her circumstance to a procedural due-process claim. Using this analogy, Evans argues that the subsequent hearing and decision on her termination did not require her to either amend her complaint or to file a new lawsuit. Essentially, she argues that her ATFDA claim in her original complaint is not void simply because she received a full hearing. We disagree.

Evans's original complaint filed September 11, 2019, was not legally operative to appeal a decision that had not yet been made. Put another way, her complaint preceded the cause of action. Evans has not cited persuasive authority supporting the proposition that her obligation to file a timely complaint was fulfilled by way of this earlier claim.

Accordingly, the court properly dismissed Evans's claim as untimely.

Affirmed.

HARRISON, C.J., and BARRETT, J., agree.

*Walker & Childs, PLLC*, by: *Shawn G. Childs*, for appellant.

*Friday, Eldredge & Clark, LLP*, by: *Khayyam M. Eddings*, for appellee.