Cite as 2025 Ark. App. 221

# ARKANSAS COURT OF APPEALS
## DIVISIONS III & IV
### No. CV-23-678

| | |
|---|---|
| MICHAEL NELLUMS<br><br>APPELLANT<br><br>V.<br><br><br>PINE BLUFF SCHOOL DISTRICT<br>APPELLEE | Opinion Delivered April 9, 2025<br><br>APPEAL FROM THE JEFFERSON COUNTY CIRCUIT COURT<br>[NO. 35CV-21-304]<br><br><br>HONORABLE ROBERT H. WYATT, JR., JUDGE<br><br>SUBSTITUTED OPINION ON DENIAL OF REHEARING: APPEAL DISMISSED |

**CINDY GRACE THYER, Judge**

This case arises from an administrative appeal filed in the Jefferson County Circuit Court seeking review of the Pine Bluff School District's (PBSD's) decision to terminate appellant Michael Nellums's employment as principal of Pine Bluff High School. We dismiss the appeal.

Only a brief recitation of the facts is necessary to provide context for our decision. Nellums began working for PBSD in July 2012. In December 2020, after a series of allegations against Nellums and lawsuits against both him and PBSD, Superintendent Barbara Warren determined that Nellums should be terminated from his position as principal. PBSD notified Nellums of his termination in a letter dated March 12, 2021. The letter was sent via both regular mail and certified mail. Nellums filed a complaint in the

Jefferson County Circuit Court seeking administrative review of PBSD's actions on May 27, 2021. PBSD subsequently moved for summary judgment, asking the circuit court to uphold its termination decision. The court granted PBSD's summary-judgment motion, and Nellums filed a timely appeal of that decision to this court.

After the record on appeal was lodged and Nellums's brief was filed, PBSD filed a motion in this court to dismiss the appeal, arguing that Nellums failed to timely appeal his termination to the circuit court. Under the Arkansas Teacher Fair Dismissal Act (ATFDA), a nonprobationary teacher whose contract has been terminated may seek review of that decision in circuit court. Arkansas Code Annotated section 6-17-1510(d)(1) (Repl. 2021) provides that

> [t]he exclusive remedy for any nonprobationary teacher aggrieved by the decision made by the board of directors shall be an appeal therefrom to the circuit court of the county in which the school district is located, *within seventy-five (75) days of the date of written notice of the action* of the board of directors.

(Emphasis added.)

When the time for filing an appeal is fixed by a rule or statute, the provision that limits the time is jurisdictional in nature, *Ark. Game & Fish Comm'n v. Eddings*, 2009 Ark. 359, at 6, 324 S.W.3d 328, 332, and the appeal must be taken within the time designated. *Searcy Cnty. v. Holder*, 257 Ark. 435, 436, 516 S.W.2d 901, 903 (1974). If the filing of the appeal is untimely, the circuit court never gains jurisdiction, and if the circuit court lacks jurisdiction, then the appellate court also lacks jurisdiction. *Ark. State Univ. v. Pro. Credit Mgmt., Inc.*, 2009 Ark. 153, at 3, 299 S.W.3d 535, 536.

2

In its motion to dismiss the appeal, PBSD asserts that the letter notifying Nellums of the termination decision was dated March 12, 2021, but he did not file his appeal in circuit court until May 27, which was the seventy-sixth day following the date of written notice. Citing *Evans v. Little Rock School District*, 2022 Ark. App. 443, Nellums responds that his appeal was, in fact, timely because he did not receive the written notice of PBSD's action until March 13, 2021, making May 27 the seventy-fifth day, therefore rendering his appeal timely.[1]

In *Evans*, *supra*, Kathryn Evans was terminated from her employment with the Little Rock School District (LRSD). LRSD informed Evans on August 6, 2019, that she was being terminated. Evans filed a complaint in the Pulaski County Circuit Court on September 11 alleging violations of the ATFDA, due process, and equal protection. On December 12, LRSD provided Evans with a hearing, and on December 17, the school board's recommendation to terminate Evans's contract was approved. On February 23, 2021, Evans filed an amended complaint alleging breach of contract and violation of the ATFDA. LRSD moved to dismiss her ATFDA claim as untimely because it was filed more than seventy-five days "after she had received written notice of her termination" as required by the statute. *Evans*, 2022 Ark. App. 443, at 2. The circuit court agreed, reasoning that Evans's original complaint was filed three months before the actual decision was made to terminate her, and her amended complaint was filed nearly fourteen months after termination--well outside

---

[1]We note that in his complaint, Nellums affirmatively asserted that he was "notified of his termination on or about March 12, 2021."

the seventy-five-day window. *Id.* at 3. On appeal, this court affirmed the dismissal of Evans's complaint, concluding that because she had "received written notice on December 17, 2019," she had until March 1, 2020, to appeal LRSD's decision. *Id.* at 4.

Here, Nellums, citing *Evans*, argues that he did not *receive* PBSD's written notice of the termination decision until March 13, 2021. And because he filed his complaint in the circuit court on May 27, 2021––seventy-five days from March 13––his appeal to the circuit court was timely. We do not agree.

Although we do not dispute the ultimate holding in *Evans*––that Evans's appeal of the school board's adverse decision to the circuit court was untimely––we essentially misstated the law by speaking in terms of when Evans *received* notice. Section 6-17-1510(d)(1) unequivocally states that an appeal must be taken "*within seventy-five (75) days of the date of written notice of the action* of the board of directors." (Emphasis added.) By introducing the word "received," we strayed from the statute's plain words and our rules of statutory construction that preclude us from reading into a statute language that was not included by the legislature.[2] *See, e.g., Ark. Dep't of Corr. v. Shults*, 2018 Ark. 94, 541 S.W.3d 410; *Scoggins v. Medlock*, 2011 Ark. 194, 381 S.W.3d 781.[3]

---

[2]We do not hereby overrule *Evans* because the date on which Evans "received" the notice was irrelevant to that case's ultimate holding, i.e., that her appeal was fourteen months too late. The discussion of the date of the receipt of the notice was thus dicta, not part of the holding itself.

[3]Following our original opinion in this case, Nellums petitioned for rehearing, arguing that he reasonably and in good faith relied on the language in *Evans* that one must seek judicial review of an employment decision by a school district within seventy-five days

4

Nellums concedes that he filed his appeal on May 27, 2021, which was seventy-six days after March 12, 2021, the date of the written notice of the action of the board of directors. Given our clarification of *Evans*, the statute's plain words, and Nellum's admission, there is no path to avoid a dismissal. His appeal to the circuit court was untimely, so that court never acquired jurisdiction. Because the circuit court lacked jurisdiction, we do, too, and must therefore dismiss this appeal. *See Ark. State Univ.*, *supra*.

Appeal dismissed.

VIRDEN, GLADWIN, HARRISON, TUCKER, and MURPHY, JJ., agree.

*Terrence Cain*, for appellant.

*Bequette, Billingsly & Kees, P.A.*, by: *W. Cody Kees*, for appellee.

---

of the *receipt* of the written notice. Nellums further contends that this court should not retroactively apply our "correction" to that opinion. We disagree. Nellums could not have relied on the "date of receipt" language in *Evans* at the time he filed his May 2021 complaint in circuit court because *Evans* had not yet been decided on that date--and indeed would not be decided until November 2, 2022. We therefore reject the arguments presented in Nellums's petition for rehearing and issue this substituted opinion denying the same.